## 28470. T. E. McCUTCHEON ENTERPRISES, INC. v. SNELLING & SNELLING, INC.

PER CURIAM.
Snelling & Snelling, Inc., a Pennsylvania corporation and a nationwide employment agency franchisor of long standing entered into an employment franchise agreement with the appellant T. E. McCutcheon Enterprises, Inc. in 1967 for a franchise in the City of Atlanta. The agreement provided that in the event of termination of the franchise the franchisee

would not compete "either (i) within ten (10) miles of the perimeter of the licensee's franchise area for a period of two (2) years; or (ii) within five (5) miles of the perimeter of any other Snelling office or franchise area now or hereafter established by Snelling for a period of one (1) year." In addition to providing for an injunction the contract also provided for damages of fifty percent of the net income derived from any violation of the non-competition agreement. The contract was declared terminated by the franchisor when payments were not made by the franchisee in accordance with the terms of the contract. Thereafter the franchisor filed the present action seeking an injunction, past due payments, and damages as provided for in such contract. The defendants in such action (the franchisee, named officers and employees) filed a motion to dismiss the complaint because no certificate to do business in Georgia had been procured by the plaintiff foreign corporation as provided for by the Georgia Business Corporation Code (Ga. L. 1968, p. 565 et seq.; Code Ann. Ch. 22-14). This same defense was made in the defendant's answer.

Upon the hearing on the motion to dismiss, which also included the question of whether a temporary injunction should be granted, evidence was adduced as to the plaintiff's contacts with Georgia. The motion to dismiss was denied, a temporary injunction granted and thereafter on the trial of the case a judgment was rendered which granted a permanent injunction, judgment for past due amounts under the contract, and damages resulting from the continued operation of an employment agency by the defendants. Motions for new trial and to arrest a part of the judgment were overruled and the present appeal filed.

The initial question for decision in this case is whether or not the trial court should have sustained the defendant's motion to dismiss (converted into a motion for summary judgment by the introduction of evidence) because the plaintiff, a foreign corporation, had not registered as required by the Code Ann. Ch. 22-14 and as such was prohibited from proceeding in any court in the state by Code Ann. § 22-1421 (b).

The applicability of the Code section to foreign

corporations doing business in Georgia is not questioned, but only the applicability of such section to the plaintiff, its contention being that it does not do business in Georgia and therefore is not required to be licensed prior to filing suit. In support of such contention it relies upon the provision of certain sub-paragraphs of Code Ann. § 22-1401 (b). This Code section expressly excludes from the provisions of such Act foreign corporations engaged in designated conduct only.

1. The appellee is a franchisor and the appellant corporation is a franchisee. Under a proper construction of the contract the appellant must be deemed to be an independent contractor and the appellee is expressly excluded from the registration requirements by Code Ann. § 22-1401 (b). Accordingly, the trial court did not err in overruling the motion to dismiss.

2. Under the decision of this court in *Richard P. Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79), the restrictive covenant in this case — which prohibited the appellant from engaging in a "similar business to that licensed hereunder either: (i) within ten (10) miles of the perimeter of the licensee's franchise area for a period of two (2) years; or (ii) within five (5) miles of the perimeter of any other Snelling office or franchise area now or hereafter established by Snelling for a period of one (1) year" is unenforceable.

The contention that sub-paragraphs (i) and (ii) are two separate covenants and thus make this case distinguishable from *Rita,* supra, is without merit for, as was there held, to permit such practice would result in onerous restrictive covenants which could be pared down until not unreasonable.

Accordingly, the injunction and damages for violation of the restrictive covenant were not authorized, and the judgment denying the appellant's motion to arrest that part of the judgment must be reversed.

3. That part of the judgment which permitted recovery for the amount due under the terms of the franchise agreement prior to its termination was authorized and must be affirmed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Grice, C. J., Nichols, P. J., and*

*Undercofler, J., who dissent from Division 1, and Grice, C. J., and Jordan, J., who dissent as to Division 2 and Hall, J., who concurs in the judgment only as to Division 2.*

ARGUED JANUARY 16, 1974 — DECIDED APRIL 23, 1974.

*Paul C. Myers,* for appellant.
*Alston, Miller & Gaines, Oscar N. Persons,* for appellee.

NICHOLS, Presiding Justice, dissenting.

I dissent from Division 1 of the majority opinion because the control exercised by the franchisor over the franchisee in this case was as complete as if the franchisee's business had been operated as a branch office of the franchisor.

I am authorized to state that Mr. Chief Justice Grice and Mr. Justice Undercofler concur in this dissent.

JORDAN, Justice, dissenting.

I dissent from Division 2 and the judgment of reversal for the reasons stated in my dissent in *Richard P. Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79).

GUNTER, Justice, concurring specially with respect to Division 1.

In this case the appellant-franchisee made a motion to dismiss the appellee-franchisor's action brought by the latter against the former in the trial court. The basis for the motion was that the appellee-franchisor, a foreign corporation, was "transacting business" in Georgia as that phrase is defined in Code Ann. § 22-1401 (b) without having obtained a certificate of authority from the Secretary of State; and therefore appellee-franchisor could not maintain its action in the Georgia courts against the appellant-franchisee because of the prohibition contained in Code Ann. § 22-1421 (b), (Ga. L. 1969, pp. 152, 196, 197).

This 1969 statute (Code Ann. § 22-1421 (b)) provides

that a foreign corporation "that under this Code is required to obtain a certificate of authority" shall not be permitted to maintain an action in the Georgia courts unless it obtained such a certificate prior to the commencement of the action.

As I read this record and Code Ann. § 22-1401 (b), it is quite plain to me that the appellee-franchisor was not required "under this Code" to obtain a certificate of authority in order to maintain an action in the Georgia court system.

Code Ann. § 22-1401 (b) provides that "a foreign corporation shall not be considered to be transacting business in this state, for purposes of qualification under this Code, solely by reason of carrying on in this state any one or more of the following activities: . . . (5) effecting sales through independent contractors . . . (9) effecting transactions in interstate or foreign commerce . . . (10) owning and controlling a subsidiary corporation incorporated in or transacting business within this state."

Pursuant to this definition of "transacting business" the appellee-franchisor was not required "under this Code" to be certificated, and it could commence and maintain an action in the courts of this state without obtaining such a certificate.

It is clear to me that the franchise agreement in this case and the activities of the appellee-franchisor within the State of Georgia did not create the relationship of principal and agent between the franchisor and the franchisee. The franchisee was an independent contractor; it conducted its business in Georgia pursuant to the terms of a franchise agreement entered into with the franchisor; and what the franchisor was required to do pursuant to the terms of the franchise agreement did not make it a foreign corporation "transacting business" in Georgia pursuant to Code Ann. § 22-1401 so as to make it necessary for it, the franchisor, to obtain a certificate of authority before it could commence or maintain an action in the Georgia courts.

The trial judge was right in denying the motion to dismiss the appellee-franchisor's complaint for lack of a certificate of authority issued by the Secretary of State.

This special concurrence with respect to Division I of the majority opinion is filed because three members of the court dissent from that division.

I am authorized to state that Justices Jordan, Ingram, and Hall join in this special concurring opinion.