## 53403. STESU, INC. v. ROGER TOOLE DRYWALL, INC.

QUILLIAN, Presiding Judge.

Defendant corporation appeals from a judgment denying its motion to set aside a prior judgment rendered against it. The facts are as follows. The plaintiff sued the defendant in the amount of $1,000 for materials

supplied by the plaintiff to the defendant and besides that sum also sought the imposition of a lien. Service was obtained by delivering copies of the complaint and summons to the Secretary of State. Subsequently on December 29, 1975, the trial judge entered judgment for the plaintiff by an order which recited: "In this action, the Defendant . . . having been regularly served with process, and having failed to appear and answer the Plaintiff's Complaint filed herein, the legal time for answer having expired, and no answer or other pleading having been filed, the default of said Defendant was duly entered according to law, upon application of Plaintiff to the Clerk and after proof of service of summons."

The defendant filed what was orginally denominated a motion to open default judgment and later amended it to "a motion to set aside judgment." *Held:*

Service in this case was made under the provisions of Code Ann. § 22-403 (a) & (b) (Ga. L. 1968, pp. 565, 583; 1969, pp. 152, 199): "(a) Each registered agent so appointed by a corporation shall be an agent of such corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served in the manner provided by law for the service of a summons and complaint. (b) Whenever a corporation shall fail to appoint or maintain a registered agent in this State, *or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any process, notice or demand may be served.* Service on the Secretary of State of any such process, notice or demand shall be made by delivering to and leaving with him, . . . duplicate copies of such process, notice or demand. In the event any such process, notice or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered or certified mail, addressed to the corporation at its registered office. Any service so had on the Secretary of State shall be answerable in not less than 30 days. The provisions of this subsection (b) may be used notwithstanding any inconsistent provisions of the Georgia Civil Practice Act [Title 81A]." (Emphasis supplied.)

The registered letter mailed by the Secretary of State to defendant's last known address was returned marked "unclaimed." Hence, the defendant contends service was not perfected upon it.

Under the statute, whenever the registered agent cannot with reasonable diligence be found at the registered office, then service upon the Secretary of State constitutes service upon the defendant. The further requirement of forwarding a copy to the corporation at its registered address having been accomplished, receipt by the corporation was not vital. See *Padgett Masonry &c. Co. v. Peachtree Bank &c. Co.,* 130 Ga. App. 886, 887 (204 SE2d 807), where it was pointed out: ". . . the papers were served on the Secretary of State as required and the certificate of the latter filed in the office of the Bibb County superior court clerk shows that a copy was forwarded the corporate defendant by registered mail. Thus, both defendants were properly served, the latter presumably at the address which it furnished to the Secretary of State on incorporation."

Here the record does not establish that defendant's registered agent could not be found (with reasonable diligence) at the registered office. Nevertheless, the order of December 29, 1975 recites that the defendant was regularly served with process and that there was "proof of service of summons." Under these circumstances, although the record does not affirmatively reveal full compliance with the statutory provisions as to reasonable diligence, absent a contrary showing by the defendant (and none was made), we will presume the regularity of the proceedings below. *Johnson v. Cleveland,* 131 Ga. App. 560 (1) (206 SE2d 704).

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

ARGUED FEBRUARY 3, 1977 — DECIDED FEBRUARY 25, 1977 — REHEARING DENIED MARCH 18, 1977.

*Glenn H. Strother,* for appellant.
*Davis & Gordon, Dock H. Davis,* for appellee.