## 59032. SPIEGEL, INC. v. ODUM.

SHULMAN, Judge.

Plaintiff filed a complaint against defendant-Spiegel, Inc., a foreign corporation, for defamation of credit, serving process upon defendant by leaving a copy of the complaint with the Secretary of State of Georgia, as alleged agent for Speigel, Inc. Upon defendant's failure to respond to the complaint or appear in court, a default judgment was entered and a jury verdict returned against defendant in the amount of $13,500. It is from the trial court's denial of defendant's motion to set aside the default judgment under Code Ann. § 81A-160 (d) that defendant brings this appeal. We reverse.

Plaintiff-appellee does not challenge appellant's contention that its activities (which concern the operation of a mail order catalog merchandising operation) do not constitute the "transaction of business" within the State of Georgia so as to necessitate such corporation's qualification under Code Ann. § 22-1401 (a). Indeed, it is clear that under § 22-1401 (b) (6) it was not incumbent

upon defendant-foreign corporation to secure a certificate of authority to transact business in Georgia or to appoint or maintain registered agents in Georgia to receive service of process. Appellee argues, however, that under the authority of § 22-1410 (b), regardless of whether or not defendant was required to be "qualified" in Georgia, service of process could be perfected upon defendant through the office of the Secretary of State upon defendant's failure to appoint and maintain an agent in Georgia to receive process. We disagree.

*American Photocopy &c. Co. v. Lew Deadmore &c., Inc.,* 127 Ga. App. 207 (4) (193 SE2d 275), specifically sets out the numerous ways in which service of process can be made upon an *unqualified* foreign corporation, noting that Code Ann. § 22-1410 applies to *qualified* foreign corporations (corporations authorized to transact business), including (impliedly) those foreign corporations which *should* be qualified but have failed either to obtain a certificate to transact business or to appoint registered agents for service as required by law.

Since appellant is concededly neither a "qualified" corporation (it has not been issued a certificate of authority to transact business) nor within the category of those foreign corporations required to obtain such a certificate, service of process cannot be made upon defendant under the authority of Code Ann. § 22-1410 (b).

Indeed, the plain wording of Code Ann. § 22-1410 (b) militates against appellee's interpretation that all foreign corporations, regardless of whether or not they are required under Code Ann. § 22-1409 to appoint registered agents, can be lawfully served with process through the Secretary of State.

Code Ann. § 22-1410 (b) reads in pertinent part as follows: "Whenever a foreign corporation doing business or having done business in this State *shall fail* to appoint or maintain a registered agent in this State, or whenever any such registered agent cannot with reasonable diligence be found at the registered office, or whenever the certificate of authority of a foreign corporation shall be suspended or revoked, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served." (Emphasis supplied.)

Since appellant was specifically exempted from the necessity of maintaining an agent for service of process, its election not to maintain such an agent cannot be deemed a failure to maintain a registered agent within the meaning of Code Ann. § 22-1410 (b). And since we hold that § 22-1410 (b) applies only to those foreign corporations which are, or should be, qualified within the meaning of § 22-1401 (a), service upon the Secretary of State in the case at bar did not constitute such service upon the defendant as to confer the trial court with proper jurisdiction over the defendant. This being so, the judgment in favor of plaintiff was a nullity and the trial court erred in denying appellant's motion to set aside the judgment. See, e.g., *Davis v. Jeep Corp.,* 138 Ga. App. 805 (2) (227 SE2d 455).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED JANUARY 7, 1980 — DECIDED JANUARY 23, 1980 — REHEARING DENIED FEBRUARY 11, 1980 —

*Sewell K. Loggins, Douglas N. Campbell,* for appellant.

*Ronald L. Hilley, Robert Carpenter,* for appellee.