## 59820. AMERICAN CONSOLIDATED SERVICE CORPORATION v. NATIONWIDE MUTUAL INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

The defendant corporation appeals the denial of its motion to set aside a default judgment. The plaintiff sued defendant on an open account and alleged that defendant was a Fulton County corporation, and elected to serve defendant corporation "c/o Henry R. Nedza, 850 Holcomb Bridge Road, Roswell, Georgia," but instead served the Secretary of State on November 19 or November 29, 1979. The deputy marshal's return of service, scratched over, shows service on November 19. The certificate of the Secretary of State of Georgia, under seal, shows service upon him on November 29. On November 29, the Secretary of State mailed a copy of the summons and complaint to the defendant, who received it December 3 and filed answer and counterclaim on Monday, December 31, *the thirtieth includable day following November 29.* The answer averred that defendant had not been properly served.

At the same time, December 31, defendant filed a motion to dismiss the complaint for failure of legal service-of-process and lack of jurisdiction. Hearing on this motion to dismiss was set for January 25, 1980, but plaintiff filed a motion for default on January 22 and set that motion for hearing on January 25 likewise. Plaintiff alleged in the motion for default that service on the Secretary of State took place November 19. On January 25, defendant's attorney was fifteen minutes late for court to find default judgment already rendered against defendant, and apparently the trial court refused to further consider the question of service because the proceedings were in default.

On January 28, defendant filed a motion to open default, alleging that the record clearly showed "that Plaintiff had actual notice and knowledge of Defendant's address, but Plaintiff failed to use due diligence in perfecting service upon Defendant and instead served the Secretary of State with summons and complaint on November 19, 1979 [this date was later challenged by defendant]. The Secretary of State's Office . . . mailed a copy . . . to Defendant on November 29, 1979 . . . Defendant, in relying on the provisions of Ga.

Code Ann. § 22-403 (b) did not file his answer . . . within thirty (30) days of service upon the Secretary of State in an attempt to conform to the requirement of [Code Ann. § 22-403 (b)], which requires that such service not be answered in less than thirty (30) days. Defendant in relying on . . . Code Ann. § 22-403 (b) filed his answers and counter-claim after the expiration of said thirty (30) day period as required by . . . § 22-403 (b)." Accordingly, defendant argued, its actions in any default were justified. At the same time, defendant filed a motion to set aside the default judgment which, among other grounds, expressly incorporated and renewed its motion to dismiss.

The motion to open default and the motion to set aside the judgment were heard together. Plaintiff responded that a motion to set aside could be granted only for a non-amendable defect on the face of the record (Code Ann. § 81A-160 (d)) and apparently convinced the trial court that there was none in this case. The trial court denied defendant's motion to set aside the default judgment, and ruled that defendant's motion to open default and its other motions were therefore moot.

Defendant appeals, alleging seven errors, arguing essentially that the trial court erred in entering default against defendant before its answer was due, in refusing to set aside the judgment for insufficiency of process and lack of jurisdiction, in entering default judgment without adequate notice to the defendant and in refusing to set it aside for the same reason. *Held:*

1. On appeal the parties, almost exclusively, debate the construction of Code Ann. § 22-403 (b). The debate centers on the provision that "any service so had [upon the Secretary of State as statutory agent for a corporation] shall be answerable in *not less than 30 days.*" (Emphasis supplied.) Defendant contends that an answer should not be filed until after the expiration of 30 days from time of service. To this, we say that nothing in the statute indicates that the service must be *answered* in not less than 30 days; and nothing indicates that the service is to be *answerable* in more than 30 days after service upon the Secretary of State. "Answerable" refers to the time within which an answer shall be due, and "answerable in not less than 30 days" means the answer shall not *become due* in less than 30 days after service on the Secretary of State.

Although the editorial note to Code Ann. § 22-403 states "a maximum time limitation is not given," there is no reason to assume the statute permits a greater time to answer than 30 days after service upon the Secretary of State. In creating the registered agent service statute the legislature intended to thus "virtually . . . eliminate the possibility of a domestic corporation's evading service of process." *O'Neal Const. Co. v. Lexington Developers,* 240 Ga. 376, 378 (240

SE2d 856). As a condition of doing business in Georgia, corporations "must abide by requirements (of Code Ann. § 22-403 (b)) designed to make it simple for a plaintiff to achieve service on a domestic corporation." *O'Neal Const. Co.,* supra. If a corporation fails to comply with the statute, or fails to make it "simple for a plaintiff to achieve service" such that with only reasonable diligence the plaintiff cannot find the registered agent, then in furtherance of the statutory object, the Secretary of State becomes the statutory agent of the corporation "upon whom any process . . . may be served." (Code Ann. § 22-403 (b)). In such circumstances, service upon the Secretary of State *"constitutes service upon the defendant."* (Emphasis supplied.) *Stesu v. Roger Toole Drywell, Inc.,* 141 Ga. App. 636, 638 (234 SE2d 102). Once the Secretary of State does his duty and sends a copy to the defendant, service is complete; it is not even vital that the defendant receive the process copy (*Stesu,* supra). The service on the Secretary of State is not a convenience to the defendant, but is a convenience for the plaintiff. It is not a forwarding procedure or a conduit for service to the defendant; it *is* service on the defendant.

The official code comment following Code Ann. § 22-403 states "This section is based on Model Act Section 13 [Section 14, 2d ed.], and is designed to mesh with and to supplement the service-of-process provisions of the Georgia Civil Practice Act (Title 81A) . . ." The service-of-process provision of the Civil Practice Act provides that the "defendant shall have 30 days after such service in which to appear and answer. . ." Code Ann. § 81A-104 (d) (1) (CPA § 4 (d) (1); Ga. L. 1966, pp. 609, 610, as amended through 1972, pp. 689-692).

Therefore, the corporate defendant who may have provided a registered agent so as to make it simple to be served (*O'Neal Const. Co.,* supra), but whom the plaintiff attempts to serve through the corporate officers or agents, has only 30 days to answer after service upon the Secretary of State, or 30 days to answer after the plaintiff (contrary to the asserted necessity to serve the Secretary of State) actually does succeed in serving the corporation at its last known address (Code Ann. § 81A-104 (d)). It offends logic to imagine that the corporate defendant who has failed to comply with Code Ann. § 22-403, and has thus failed to abide by the very requirements which as a condition of doing business in the state are designed to make service simple (*O'Neal Const. Co.,* supra), should by virtue of that failure have a larger time to answer after service on its statutory agent than would other defendants generally and other corporate defendants. There is, in fact, nothing in Code Ann. § 22-403 which says that a remiss corporation should have a larger time to answer

after service on its agent, the Secretary of State, and so there is no inconsistency between that statute and the general provisions at Code Ann. §§ 81A-104 (d) and 81A-112 (a).

If it were the legislative purpose that the answer could not be filed before 30 days elapsed, the statute could have been phrased in language such as used in Code Ann. § 46-103 (Ga. L. 1976, pp. 1608, 1610): "Such answer must be filed with the court issuing the summons not sooner than 30 days and not later than 45 days after the service of such summons. . ." Correctly interpreted, Code Ann. § 22-403(b) requires the filing of an answer within 30 days of service. In making this determination, we give effect to the legislative intent that the code section "mesh with and supplement the service-of-process provisions" of the Civil Practice Act.

2. If the Secretary of State was *properly* served (under Code Ann. § 22-403 (b) or § 81A-104 (d) (1)) on November 19 in this case, defendant's answer was due December 19 and the answer filed on December 31 came too late. But if the Secretary of State was served (under Code Ann. § 22-403 (b) or § 81A-104 (d) (1)) on November 29, the answer (which fell due Saturday, December 29) was legally due on Monday, December 31 (see Code Ann. § 81A-106 (a)) and it was not filed too late. The existence of this factual issue is apparent on the face of the record, and the record and arguments on appeal show that this factual issue was never resolved below. As long as the certificate of the Secretary of State showing service to him on November 29 remains uncontroverted in the record, default judgment against defendant should not have issued and upon motion by the defendant should have been set aside.

*Judgment reversed. Shulman and Carley, JJ., concur specially.*

Submitted May 12, 1980 — Decided October 3, 1980 — Rehearing denied October 24, 1980 —

*Yehuda Smolar,* for appellant.
*James E. Maley, M. Douglas Mann,* for appellee.

Shulman, Judge, concurring specially.

While I agree with the holding of the majority opinion, I cannot agree with its implicit interpretation of Code Ann. § 22-403 (b). I recognize the ambiguousness of this unfortunately worded statute which gives rise to numerous viable interpretations.

Code Ann. § 81A-112 (a) requires that a defendant "serve his answer *within 30 days* after the service upon him, unless otherwise

provided by statute." (Emphasis supplied.) In the instant case I find that Code Ann. § 22-403 (b) otherwise provides, rendering the trial court's grant of default judgment premature.

Service upon defendant-corporation in the case at bar was made pursuant to Code Ann. § 22-403 (b), which requires that "[a]ny service so had on the Secretary of State shall be answerable *in not less than 30 days.*" (Emphasis supplied.)

To the extent that Code Ann. § 81A-112 (a) mandates defendant's answer to a complaint and summons within 30 days, while Code Ann. § 22-403 (b) proscribes such answer until the passage of 30 days, § 22-403 (b) and § 81A-112 (a) are clearly inconsistent. Therefore, in accordance with the provisions of both statutes, § 22-403 (b) must be said to control. That being true, since § 22-403 (b) would prohibit defendant from filing an answer within 30 days of defendant's receipt of service of process, defendant cannot be said to have failed to timely respond to plaintiff's complaint by virtue of the fact that it, appropriately, waited 30 days before answering such complaint.

Although Code Ann. § 22-403 (b) does not specifically set forth a time limit within which a corporation *must* answer or risk default, it is my conclusion that once the time constraints of § 22-403 (b) pass, it is thereafter incumbent upon the defendant to respond to plaintiff's complaint and summons as otherwise required under Code Ann. § 81A-112 (a); in other words, within 30 days of the end of the 30-day grace period provided by Code Ann. § 22-403 (b).

Although I recognize that the Code does not clearly set forth the above temporal limitation (that is, while Code Ann. § 22-403 (b) plainly proscribes the filing of an answer within 30 days, it fails to state the time in which response must be made), I think the above interpretation is the only logical interpretation of the provisions of §§ 22-403 (b) and 81A-112 (a). I therefore conclude that §§ 22-403 (b) and 81A-112 (a) (read in conjunction with one another) require defendant-corporation to answer service of process not less than 30 and no more than 60 days from receipt of service. Such an interpretation allows defendant the grace period apparently bestowed upon it by virtue of § 22-403 (b), yet limits it ultimately to the time period allowed any other defendant to respond to service of a complaint: 30 days.

The treatment given by the legislature of the State of Arizona to the Model Act provision on which Code Ann. § 22-403 (b) is based supports this interpretation. The section which provides for service on the Corporation Commission (serving the same function, in this context, as Georgia's Secretary of State), in the event of the failure of a corporation to maintain a registered agent concludes as follows:

"When service is made on the commission, whether under this chapter or any rule of court, the corporation shall have thirty days to respond in addition to the time otherwise provided by law." Arizona Revised Statutes § 10-014 (B). It may be seen that the legislature in Arizona has made an interpretation of § 13 (§ 14, 2d Ed.) of the Model Act similar to that which I have here set out. Since our legislature chose to enact the language used by the framers of the Model Act without interpretation, it falls now to this court to make such an interpretation.

Since defendant filed its answer within 30 days (Code Ann. § 81A-112 (a)) after the expiration of the 30-day waiting period (Code Ann. § 22-403 (b)), the trial court erred in striking defendant's answer on the grounds that it was not timely filed. The trial court therefore erred in denying defendant's motion to set aside the judgment under Code Ann. § 81A-160 (d).

Thus, I agree with the majority's reversal, though I do so on additional grounds.

CARLEY, Judge, concurring specially.

I concur in the result reached by the majority and I specifically endorse Division 2 of the majority opinion holding that because of the date of service as shown on the certificate of the Secretary of State, default judgment should have been set aside. Also, I agree with the conclusion of the majority that the true meaning of Code Ann. § 22-403 (b) is that "the answer shall not *become due* in less than 30 days after service on the Secretary of State." (Emphasis in majority opinion.) However, I so vehemently disagree with any interpretation of this Code section to the effect that the same *proscribes* answering until after the expiration of 30 days that I feel constrained to set forth additional comments with regard to the construction of this statutory provision. Code Ann. § 22-403 (b) states simply that "[a]ny service so had on the Secretary of State shall be answerable in not less than 30 days." A reading of that Code section in conjunction with Code Ann. § 81A-104 (d) (1) convinces me that the language used was inserted for the sole purpose of insuring that a corporate defendant served through the Secretary of State would have *at least* 30 days within which to answer a complaint so served even should the Civil Practice Act provide a lesser time period. That this is the correct construction is clearly shown by the last line of the very Code section in question which states that "[t]he provisions of this subsection (b) may be used notwithstanding any inconsistent provisions of the Georgia Civil Practice Act [Title 81A]."

Neither was there at the time of the enactment of Code Ann. § 22-403 (b) nor is there at the present time any inconsistency between

the two sections because the CPA provides that an answer must be filed within 30 days. Code Ann. § 81A-104 (d) (1). Obviously, 30 days is "not less than 30 days." However, the Civil Practice Act may be amended by the General Assembly at any time and conceivably could prescribe a different time period within which an answer must be filed. For example, if the CPA should provide for an answer within 40 days, the time period specified would be "not less than 30 days." Thus such period of time would not be "inconsistent" with Code Ann. § 22-403 (b) and the CPA would control. On the other hand, should the legislature amend the CPA to require answers within 20 days (as is true in federal practice), the period so prescribed *would be* "less than 30 days," such "inconsistent" provision of the CPA would yield to the safeguard provision of Code Ann § 22-403 (b), and the answer of a corporate defendant served through the Secretary of State would be timely if filed within 30 days from the date of service. In short, Code Ann. § 22-403 (b) allows the legislature to prescribe the time period within which a corporate defendant must answer when served in accordance with Code Ann. § 22-403 (b) *so long as that time period is "not less than 30 days."*