61257. McPHAUL v. HINDLE SON & COMPANY, LTD.

SOGNIER, Judge.

Appellant McPhaul was injured on March 15, 1977, by a loom in operation at her employer's plant. The loom was manufactured by appellee Hindle Son & Co., Ltd. (Hindle), a foreign corporation located in Blackburn, England. In April 1964 appellee sold the loom to Scapa-Porritt Ltd., an English corporation who sold and shipped the loom to appellant's employer, Scapa Dryers, Inc. of Waycross, Georgia.

Appellant's complaint was filed on March 14, 1979, and an amended complaint was filed on August 24, 1979. Appellee was served through substituted service on the Secretary of State of Georgia on August 27, 1979. Hindle filed a motion to dismiss on the grounds that the trial court lacked personal jurisdiction over the defendant; that there had been improper service of process on the defendant; and that McPhaul's action was barred by the statute of limitations. The motion was granted and McPhaul appeals. We

affirm.

Appellant contends that the trial court erred in granting appellee's motion to dismiss based on improper service of process. There is no evidence in the record that Hindle was qualified to transact business in the State of Georgia as a foreign corporation pursuant to Code Ann. § 22-1401, nor is there any evidence that Hindle was within the category of foreign corporations required to qualify under the statute. To the contrary, Code Ann. § 22-1401 (b) (9) specifically excluded appellee from the requirement of procuring a certificate by reason of its being engaged in foreign commerce. Thus, under the authority of *Spiegel, Inc. v. Odum,* 153 Ga. App. 380 (265 SE2d 297) (1980), service on Hindle through the Secretary of State of Georgia pursuant to Code Ann. § 22-1410 (b) was improper. See also *Camp v. Sellers & Co.,* 158 Ga. App. 646 (1981), for a discussion of the application of international law, specifically the method of service in a foreign country according to treaty.

The trial court was correct in granting appellee's motion to dismiss since it did not have jurisdiction to hear the case or to decide any other issues presented.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 15, 1981.

*Edward E. Boshears,* for appellant.

*Richard K. Hines V, Mary Taylor Tapley, Edgar A. Neely, Jr.,* for appellee.