**AL & DICK, INC., Plaintiff,**

v.

**CUISINARTS, INC., Defendant.**

**Civ. A. No. C81–354A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 18, 1981.

Gilbert H. Deitch, Gerald B. Kline, Bauer, Deitch, Raines & Hester, Atlanta, Ga., for plaintiff.

William H. Boice, Kilpatrick & Cody, Atlanta, Ga., Arthur M. Handler, Robert S. Goodman, Paul A. Batista, Golenbock & Barell, New York City, for defendant.

**ORDER**

ROBERT H. HALL, District Judge.

This case is before the court on Cuisinarts' motions to dismiss pursuant to Rules 12(b)(2), (5) and (6), Fed.R.Civ.P. Defendant Cuisinarts, Inc., is a Connecticut corporation engaged in the business of importing and distributing food processors under the trademark "Cuisinart." Plaintiff, Al & Dick, Inc., is a Florida corporation with its principal place of business in Atlanta, Georgia. Under a series of agreements signed between 1975 and 1980, Al & Dick acted as Cuisinarts' southeastern United States sales representative, soliciting orders for, and promoting sales of, Cuisinart food processors. The last of these sales agreements, executed September 18, 1980, was terminated by Cuisinarts effective December 5, 1980.

Al & Dick brought this action in the Superior Court of Fulton County, Georgia, and Cuisinarts removed it to this court pursuant to 28 U.S.C. § 1441. Plaintiff's nine count complaint alleges claims sounding in contract and tort, resulting from the negotiation, execution and performance of the

---

September 18 contract and plaintiff's subsequent termination as the defendant's southeast sales representative. Soon after removal, Cuisinarts filed the pending motions to dismiss the entire complaint for lack of jurisdiction over the person and insufficiency of service, or to dismiss counts III, V, VI, and VII of the complaint for failure to state a claim upon which relief can be granted.

For the reasons discussed below, the court agrees with Cuisinarts that there has been insufficient service of process. The court does not reach the separate issues of jurisdiction over the person or failure to state a claim upon which relief can be granted.

Al & Dick alleged in its complaint that Cuisinarts could be served with process by substituted service upon the Georgia Secretary of State pursuant to Ga.Code Ann. § 22–1410(b). Accordingly, process issued from the State Court of Fulton County, Georgia, and the summons and a copy of the complaint were served upon the Georgia Secretary of State who forwarded these documents to Cuisinarts by registered mail. Cuisinarts does not deny receipt of a copy of the summons and complaint, but challenges the sufficiency of this method of service of process.

■ A recent line of cases decided by the Georgia Court of Appeals makes explicit that a foreign corporation can be served pursuant to Ga.Code Ann. § 22–1410 only if that corporation is a corporation that has qualified, or should have qualified, to transact business in accordance with Ga.Code Ann. § 22–1401.* *McPhaul v. Hindle Son & Co., Ltd.,* 158 Ga.App. 650, 281 S.E.2d 636 (1981); *Camp v. Sellers & Co., Ltd.,* 158 Ga.App. 646, 281 S.E.2d 621 (1981); *Spiegel, Inc. v. Odum,* 153 Ga.App. 380, 265 S.E.2d 297 (1980).

■ Cuisinarts has admittedly never qualified to do business in Georgia and thus has never been issued a Certificate of Authority to transact business pursuant to Code § 22–1401. Consequently, the adequacy of service turns on whether or not Cuisinarts was "within the category of those foreign corporations required to obtain such a certificate." *Spiegel,* 153 Ga.App. at 381, 265 S.E.2d at 299. The evidence before the court does not show that Cuisinarts is within that category. *See T.E. McCutcheon Enterprises, Inc. v. Snelling & Snelling, Inc.,* 232 Ga. 609, 212 S.E.2d 319 (1974); *Unilease No. 16, Inc. v. Dunrite Sales Corp.,* 147 Ga.App. 728, 250 S.E.2d 179 (1978).

A corporation is required to obtain a Certificate of Authority if it "transacts business" within Georgia. The alleged activities of Cuisinarts within Georgia between

---

* In pertinent part Ga.Code Ann. § 22–1401 provides:

(a) No foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority so to do from the Secretary of State, except that when another statute of this State requires foreign corporation of a particular class to qualify thereunder to transact business in this State the requirements of such other statute shall govern. . . .

(b) Without excluding other activities which may not constitute transacting business in this State, a foreign corporation shall not be considered to be transacting business in this State, for the purposes of qualification under this Code, solely by reason of carrying on in this State any one or more of the following activities:

\* \* \* \* \* \*

(5) Effecting sales through independent contractors.

(6) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this State before becoming binding contracts, and where such contracts do not involve any local performance other than delivery and installation.

(7) Making loans or creating or acquiring evidences of debt, mortgages or liens on real or personal property, or recording same.

(8) Securing or collecting debts or enforcing any rights in property securing the same.

(9) Effecting transactions in interstate or foreign commerce.

(10) Owning and controlling a subsidiary corporation incorporated in or transacting business within the State.

(11) Conducting an isolated transaction not in the course of a number of repeated transactions of like nature.

(12) Serving as trustee, executor, administrator or guardian, or in like fiduciary capacity, where permitted so to serve by the laws of this State.

1975 and December 1980 consisted of the following items:

1. Advertising in local media and national magazines sold in Georgia.

2. Establishing a toll free customer information line to Connecticut.

3. Visits in 1975, 1976, 1977 and 1978, by Cuisinarts' marketing director.

4. One visit in both 1976 and 1978 by a Cuisinarts employee who gave lessons in cooking with Cuisinarts equipment.

5. Hosting a cocktail party in 1977 at the Omni Hotel in Atlanta.

6. Two visits by Cuisinarts' president at plaintiff's request, during which Cuisinarts' products were discussed and promoted.

7. Three visits by Cuisinarts' east coast sales manager in 1980 to discuss Cuisinarts business.

8. One visit by Cuisinarts' national sales manager in 1980 to hire a product demonstrator coordinator.

9. Hiring a product demonstrator coordinator who oversees a program of product demonstrations.

10. Visits by "shoppers" who investigate how stores present Cuisinarts products.

11. Delivery of Cuisinarts' own purchase order forms to the plaintiff.

12. During the Christmas season of some undetermined year, warehousing "Cuisinart" products in Georgia and making sales from that warehouse.

The court concludes that Cuisinarts' activities fall within the exceptions provided by paragraphs 5, 6, 9 and 11 of subsection (b) of Ga.Code Ann. § 22–1401. Cuisinarts' sales were effected through Al & Dick, an independent contractor. Purchase orders required acceptance in Connecticut before becoming binding contracts and the only local performance was delivery. Finally, Cuisinarts' business was and is predominantly interstate.

Were the vague allegations that Cuisinarts accepted purchase orders at a warehouse in Georgia expanded and substantiated, the court's conclusion might be different. However, accepting these allegations at face value, the activities they allege fall within the exception provided by paragraph 11 of section 22–1401(b). *See Winston Corp. v. Park Electric Co.*, 126 Ga.App. 489, 495–6, 191 S.E.2d 340, 345–6 (1972); *A.S. International Corp. v. Salem Carpet Mills, Inc.*, 441 F.Supp. 125, 126 (N.D.Ga.1977).

As to the other alleged activities, the court notes that having employees soliciting orders within Georgia is not grounds requiring qualification to do business under Ga. Code Ann. § 22–1401. Accordingly, it would be anomalous, at best, to hold that occasional trips to Georgia to hire, supervise, or promote the work of those employees did require qualification under the statute. By the same token, if product promotion of the type involved here would require qualification, as a practical matter, paragraph 6 of subsection (b) would have few, if any, applications.

The statutory scheme established by Georgia clearly anticipates activities of a foreign corporation within the state that would encompass the minimum contacts necessary to confer jurisdiction under the Georgia long-arm statute, Ga.Code Ann. § 24–113.1, but which do not require the foreign corporation to qualify to transact business under Ga.Code Ann. § 22–1401. *See McIntosh v. Mid-State Homes, Inc.*, 232 Ga. 871, 872–3, 209 S.E.2d 203, 204 (1974). Although the court has not decided whether or not Cuisinarts' Georgia contacts were substantial enough to allow this court to assert personal jurisdiction over Cuisinarts, it is clear that these contacts did not require Cuisinarts to qualify to do business.

"Where there has been no service of a suit or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit." *American Photocopy Equipment Co. v. Lew Deadmore & Associates, Inc.*, 127 Ga.App. 207, 209, 193 S.E.2d 275, 277 (1972). Georgia law provides the plaintiff a variety of methods of

service upon foreign corporations not required to qualify under Ga.Code Ann. § 22–1401. *See Id.* at 210, 193 S.E.2d at 278.

Based on the foregoing, Cuisinarts' motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of service of process is hereby GRANTED and Al & Dick's complaint is hereby DISMISSED without prejudice.