62711. FRAZIER v. HMZ PROPERTY MANAGEMENT INC.
et al.

BIRDSONG, Judge.
The trial court set aside a default judgment against HMZ Property Management, Inc. (HMZ) and Frazier appeals.

HMZ is a property management company, and the appellant Frazier is a former apartment tenant who sued HMZ for personal injury occurring in July 1980. Frazier had dealt with Haile M. Zamadie, the president of HMZ, at a Spring Street address, and Frazier's attorney sent Mr. Zamadie a letter at the Spring Street address concerning Frazier's claim. In October 1980, Frazier's attorney filed suit against HMZ and attempted to effect service upon the corporation through: "Haile M. Zamadie, Registered Agent, 3190 Canary Court, Decatur, Ga. 30032." Service was attempted October 29 but returned as "moved, left no forwarding address." The Canary Court address was the registered office listed with the Secretary of State. On November 24, 1980, service was made on the Secretary of State, who reported that on November 25, he sent a copy of the suit to defendant HMZ by registered mail. (Presumptively, the Secretary of State sent the copy to the only registered address he had, at Canary Court.) HMZ never received the copy or actual notice of the suit.

On motion to set aside the default judgment, HMZ contended that service on HMZ through the Secretary of State was improper because Frazier and her attorney had actual knowledge that the agent Zamadie could be found at the Spring Street address; that such service deprived him of due process and was unconstitutional use of Code Ann. § 22-403; that in July 1980 the registered office at Canary Court (which was Zamadie's residence) was destroyed by fire and was vacant in October and November of 1980 as anyone could see, and since plaintiff and her attorney knew Zamadie could be found at the Spring Street address, neither the plaintiff nor the process server used "reasonable diligence" to find Zamadie so as to authorize plaintiff to serve him through the Secretary of State under Code Ann. § 22-403. *Held:*

The trial court erred in setting aside this default judgment. Code Ann. § 22-403 (b) provides that ". . . whenever [a corporation's] registered agent *cannot with reasonable diligence be found at the*

*registered office,* then the Secretary of State shall be an agent of such corporation upon whom any process, notice or demand may be served. . . ." (Emphasis supplied.) The plain provision at the end of Code Ann. § 22-403 (b) recites: "The provisions of this subsection . . . may be used notwithstanding any inconsistent provisions of the Georgia Civil Practice Act [Title 81]." (See Code Ann. § 81A-104 (d)).

Under the plain terms of Code Ann. § 22-403 (b) appellant Frazier was authorized to serve the Secretary of State as agent for service of HMZ, because HMZ could not "with reasonable diligence be found *at the registered office.*" We do not question the reasonableness of diligence to find the agent at the registered office, because by HMZ's own admission the office had burned and the agent was not there; obviously no amount of diligence could have found Zamadie at the registered office. See *O'Neal Const. Co. v. Lexington Developers,* 240 Ga. 376 (240 SE2d 856).

The provision at Code Ann. § 22-403 (b) that service may be made on the Secretary of State "whenever [a corporation's] registered agent cannot with reasonable diligence be found *at the registered office*" is not inconsequential verbiage. Title 22 requires corporations to maintain registered agents and registered offices as a condition of doing business in Georgia, so as to make it simple to be served and so as to make it virtually impossible to evade service of process. *O'Neal,* supra. *American Consolidated Serv. Corp. v. Nationwide Mut. Ins. Co.,* 156 Ga. App. 193, 195 (273 SE2d 898). And it is for this reason that, under Code Ann. § 22-403 (b), when a plaintiff cannot with reasonable diligence find the registered agent at the registered office, he is expressly relieved of any burden to exhaust other methods of service before serving the Secretary of State. (See *O'Neal* supra). We will not impose any burden upon plaintiffs to prove that they did not know where the registered agent might otherwise be found, and we will not allow remiss corporation defendants to suggest that plaintiffs ought to have known where they could be found before plaintiffs are authorized to serve the Secretary of State under Code Ann. § 22-403 (b); the statute specifically forbids any such inference and with good reason, for the consequence of such a burden would be to make service of a corporation an entirely uncertain matter in every case and to make evasion of service an easy proposition.

The corporation is a creature of statute and has no rights or existence but what the statutes give it. If the corporation complies with statutory requirements for doing business in this state, it will not be deprived of service or notice under Code Ann. § 22-403 (b). The method of service properly authorized under Code Ann. § 22-403 is

not subject to constitutional attack because it is "in itself reasonably certain to inform those affected [and is] not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Benton v. Modern Finance &c. Co.*, 244 Ga. 533, 534 (261 SE2d 359). If the defendant HMZ had complied with the statutory requirement to maintain a registered office and registered agent, and had notified the Secretary of State of its change of address, it would have had service of the suit. Therefore, we find no cause and no authority to relieve it of the default judgment it brought upon itself.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

Decided January 5, 1982 —
Rehearing denied February 8, 1982 — 

*Robert Carpenter, Ronald L. Hilley,* for appellant.
*A. Ed Lane, Stan Coburn,* for appellees.