A89A0035, A89A0036. DELTA INTERNATIONAL MACHINERY CORPORATION v. PLUNK et al. (two cases).

(378 SE2d 704)

BANKE, Presiding Judge.

Acting as parents and next friends of their minor son, Michael, Mr. and Mrs. Plunk brought the present action against Delta International Machinery Corporation (hereinafter referred to as "Delta") and the McDuffie County Board of Education, seeking to recover for injuries which Michael had allegedly sustained in shop class while using a power saw manufactured by Delta. The Plunks alleged in their complaint that Delta transacted business within this state but had failed to appoint a registered agent for service of process, with the result that the Secretary of State could be considered its agent for service.

Copies of the complaint and summons were served upon the Secretary of State on April 20, 1988. However, on May 18, 1988, the Secretary returned the documents to the Plunks' counsel with the following explanation: "[Defendant corporation n]ot on record with us, do not known (sic) if foreign or domestic. NEED ADDRESS WHERE WE CAN SERVE DOCUMENTS." Thereafter, the documents were evidently re-submitted to the Secretary of State along with the requested address, for the record reflects that on June 3, 1988, the Secretary sent a copy of the complaint and summons to Delta by certified mail, addressed to a post office box in Memphis, Tennessee. Delta acknowledged delivery of the documents by return receipt dated June 7, 1988. Thereafter, on June 21, 1988, it filed a motion "to open default" pursuant to OCGA § 9-11-55 (b); and on June 24, 1988, it filed defensive pleadings.

On July 9, 1988, the plaintiffs filed a "Motion to Take Default Judgment," asserting that service of process had been perfected upon Delta on April 20, 1988, when the complaint and summons were originally delivered to the Secretary of State, and that the claim against Delta had consequently gone into default on May 20, 1988. Delta's motion to open default was denied on July 22, 1988; and on August 8, 1988, the court entered a default judgment against the company with respect to liability, reserving the issue of damages for trial. In the meantime, on August 5, 1988, Delta had filed a motion to dismiss the claim based on insufficiency of service of process, contending that it did not transact business in this state within the contemplation of OCGA §§ 14-2-310 and 14-2-319 and that, consequently, it was not required to appoint a registered agent for service of process in this state and was not subject to the substituted service provisions of OCGA § 14-2-319. However, no ruling was ever entered on that motion. The case is currently before us pursuant to our grant of Delta's separate applications for interlocutory appeal from the order entering the default judgment and the order denying its motion to open de-

fault. *Held*:

1. Although Delta argues vigorously that it does not transact business in this state and consequently was not required to appoint an agent for service of process here, we do not reach this issue. See generally *Spiegel, Inc. v. Odum*, 153 Ga. App. 380 (265 SE2d 297) (1980). Instead, we conclude that, even assuming substituted service on the Secretary of State was authorized, such service was not shown by the record to have been effected prior to June 3, 1988, the date the Secretary mailed a copy of the summons and complaint to Delta by certified mail. As that date was less than 30 days before Delta filed its answer, we accordingly hold that the answer was not in default.

OCGA § 14-2-319 (b) provides, in pertinent part, as follows: "In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of such copies thereof to be forwarded by registered or certified mail, *addressed to the corporation at its principal office in the jurisdiction under the laws of which it is incorporated.* Any service so made on the Secretary of State shall be answerable in not less than 30 days." (Emphasis supplied.)

Because the Secretary of State could not reasonably be expected to have on file the address of an unregistered foreign corporation at its "principal office in the jurisdiction under the laws of which it is incorporated," we believe the Secretary acted properly in the present case in returning the service documents to the plaintiffs' counsel on May 18, 1988, with instructions to provide the necessary mailing address. There being no indication in the record that the complaint and summons were thereafter re-submitted to the Secretary of State along with a mailing address prior to June 3, 1988, there is thus no basis upon which it could be concluded that service was properly effected upon the Secretary of State prior to that date.

We additionally note that, in construing the analogous provisions of OCGA § 14-2-62 (b) (former Code Ann. 22-403 (b)), dealing with domestic corporations, this court has indicated that although there is no requirement that a corporation actually receive the service copy of the complaint and summons mailed to it by the Secretary of State, service upon the Secretary of State is not complete until the Secretary "does his duty and sends a copy to the defendant. . . ." *American Consolidated Svc. Corp. v. Nationwide Mut. Ins. Co.*, 156 Ga. App. 193, 195 (273 SE2d 898) (1980), citing *Stesu, Inc. v. Roger Toole Drywall*, 141 Ga. App. 636, 638 (234 SE2d 102) (1977). Indeed, if the statute were construed otherwise, it would undoubtedly be violative of the constitutional due process requirement that service of process be effected in a manner which is reasonably calculated to apprise the defendant of the pendency of the action and to afford him an opportunity to present his defenses. See generally *Benton v. Modern Fin.*

*&c. Co.*, 244 Ga. 533 (261 SE2d 359) (1979), citing *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306 (70 SC 652, 94 LE2d 865) (1949). Accord *Davis v. Hybrid Indus.*, 142 Ga. App. 722 (1) (236 SE2d 854) (1977). For these reasons, we hold that service upon Delta was not perfected at the time the service documents were originally served upon the Secretary of State.

This court's decision in *Frazier v. HMZ Property Mgmt.*, 161 Ga. App. 195 (291 SE2d 4) (1982), cannot be construed as authority for a contrary conclusion. There, the defendant was a domestic corporation which had appointed a registered agent for service; however, because the registered office had burned, the agent could not be located there. We concluded that substituted service upon the Secretary of State was sufficient under such circumstances even though the Secretary of State had merely mailed the service documents to the non-existent registered office upon receiving them, reasoning that "[i]f the defendant . . . had complied with the statutory requirement to maintain a registered office and registered agent, and had notified the Secretary of State of its change of address, it would have had service of the suit." Id. at 197. The defendant in the present case was not a domestic corporation but an unregistered foreign corporation with no address of any kind on file with the Secretary of State's office. Thus, the Secretary of State had no address, current or otherwise, to which to mail the service documents until the plaintiffs provided it with one. Since the defendant contends it was under no legal obligation to maintain a registered agent and office for service of process in this state because it did not transact business here, it certainly cannot be treated, at this stage of the proceedings, as having forfeited its right to notice of the lawsuit.

2. We do not reach the issue of whether the trial court erred in failing to grant Delta's motion to dismiss the complaint for lack of jurisdiction, inasmuch as the trial court has not ruled on that motion. Nor do we express any opinion regarding whether, assuming that Delta was subject to the substituted service provisions of OCGA § 14-2-319, such service was properly effected. We merely hold that Delta's answer was timely filed and that the court accordingly erred in entering a default judgment against it.

*Judgments reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 10, 1989.

*Fulcher, Hagler, Reed & Obenshain, James W. Purcell*, for appellant.

*McNeill Holloway III, Robert E. Knox, Jr.,* for appellees.