## 50731. GEORGE v. SOUTHERN RAILWAY COMPANY.

QUILLIAN, Judge.

The collision giving rise to the instant action for loss

of services and medical expenses from wrongful death and also property damage occurred on February 11, 1970. A complaint was filed on January 24, 1974, naming Southern Railway System as defendant. On February 19, 1974, an amendment was filed which named Southern Railway Company d/b/a Southern Railway System and recited: "By changing the name of the defendant Southern Railway System as it appears throughout the complaint to Southern Railway Company d/b/a Southern Railway System. Said defendant is subject to the jurisdiction of this court by virtue of service by second original upon its agent for service, B. L. Williams, 1680 Marietta Road, Atlanta, Fulton County, Georgia." The amendment was served on February 25, 1974. There was no service of the original complaint. The defendant answered setting forth the following defenses: that the court has no jurisdiction over the defendant because there had been no service on the defendant and because of insufficiency of process in that there has been no summons issued on the complaint directed to Southern Railway Company; that the amendment to the complaint served on the defendant fails to state a claim upon which relief can be granted; that the claim was barred by the statute of limitation.

The trial judge dismissed the complaint because: "The court finds that the amendment served upon defendant fails to state a claim upon which relief can be granted. The court further finds there has been no timely service of the complaint that would relate back to the date of filing to prevent the statute of limitation[s] from running." Appeal was taken from that order. *Held:*

1. The case sub judice involves recovery for loss of services, medical expenses and property damage which are damages to personalty subject to a four-year statute of limitation. *Krasner v. O'Dell,* 89 Ga. App. 718 (2) (80 SE2d 852); *Pinkerton &c. Agency v. Stevens,* 108 Ga. App. 159, 163 (132 SE2d 119); *Frazier v. Ga. R. & Bkg. Co.,* 101 Ga. 70 (3) (28 SE 684). We therefore test the complaint under the four-year limitation rather than a two-year for negligent homicide. See *Atlantic R. Co. v. McDilda,* 125 Ga. 468 (54 SE 140).

2. The defendant's answer and contentions made below were sufficient to raise the point now made in this

court: that, since there had been no service of process of the *original* complaint on the defendant prior to the date of the hearing on the motion to dismiss, the claim was therefore barred by the statute of limitation.

We recently decided that "An amendment to a complaint changing the party defendant relates back to the date of the original pleadings and prevents the statute of limitation bar." *Rich's, Inc. v. Snyder,* 134 Ga. App. 889. In that case the original complaint was served. Here the amendment could not relate back since there was nothing to which it could relate. The original complaint was never served. Without service within the statute or a reasonable time thereafter (compare *Childs v. Catlin,* 134 Ga. App. 778) the prerequisites of our law were not met. See CPA § 4 (d) (Code Ann. § 81A-104; Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, p. 1036; 1968, pp. 1104, 1105; 1969, p. 487; 1972, 689, 692) requiring "the summons and complaint shall be served together." See also *Davis v. Patrick,* 128 Ga. App. 677, 678 (197 SE2d 743).

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED MAY 28, 1975 — DECIDED JULY 3, 1975 — REHEARING DENIED JULY 28, 1975.

*White & Jewett, C. Lawrence Jewett, Robert John White,* for appellant.

*Walton, Smith, Shaw, Maddox & Davidson, James D. Maddox,* for appellee.