## 55630. GLASS et al. v. BYROM.

Bell, Chief Judge.

This is a personal injury suit. Defendant answered, asserting that plaintiffs' complaint should be dismissed on the ground of insufficiency of service of process. The return of service stated that a copy of the complaint and summons were served upon defendant at stated addresses on two separate dates by leaving the process with two named individuals. Defendant testified that neither of these addresses constituted his dwelling house or usual place of abode at the time of service. One address was his business address and the other was the residence of his estranged wife. Plaintiffs produced no evidence on this matter. The court granted defendant's motion to dismiss for insufficiency of service of process. *Held:*

The evidence demands that the service of process here was not in conformity with CPA § 4 (d) (7) (Code Ann. § 81A-104 (d) (7)) which requires that the defendant be served personally or be served by leaving copies of the summons and complaint at his dwelling house or usual place of abode with a competent resident. As this statute's explicit rules were not followed precisely, the court

properly dismissed the complaint. *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267). This service of process was insufficient notwithstanding the fact that defendant had acquired knowledge of the pending lawsuit. *Morgan v. Pacific Fin. Co.,* 142 Ga. App. 342 (236 SE2d 28). Defendant's appearance in the action by the filing of an answer and raising the defense of insufficiency of service of process and answering interrogatories did not constitute a waiver of the defective service. CPA § 12 (h) (1) (Code Ann. § 81A-112 (h) (1)). *Weems v. Weems,* 225 Ga. 154 (166 SE2d 352).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED APRIL 10, 1978 — DECIDED MAY 12, 1978.

*Ross & Finch, A. Russell Blank, Thomas C. Blaska,* for appellants.

*Murray & Temple, William A. Dinges,* for appellee.