64635, 64636. BRUMIT v. MULL et al. (two cases).

POPE, Judge.

On December 10, 1979 Leslie E. and Hazel Brumit filed individual complaints against Paul R. Mull and Randy H. Hitchcock claiming damages resulting from injuries to Mrs. Brumit in an automobile collision on February 22, 1979. The return of service for Mull was dated December 11, 1979, and signed by the deputy sheriff. The return of service recited that Mull had been served with a copy of the complaint and summons by leaving it with Mrs. James Hitchcock, who was later determined to be the mother of Mull's co-defendant. Mull's answer was timely filed on January 3, 1980 and, as his fifth

defense, Mull stated: "Service of process upon Paul Rodney Mull was insufficient as a matter of law."

The parties thereafter commenced discovery. On June 10, 1981 a consolidated pre-trial order was signed after a conference among counsel for all parties. Trial began on October 13, 1981. Before final arguments were made and the jury was charged, counsel for Mull moved to dismiss based upon insufficiency of service. Prior to the trial court's ruling on Mull's motion, the Brumits moved for a mistrial and their motion was granted. Mull was subsequently served personally on October 16, 1981. After a hearing on Mull's motion on December 11, 1981, the trial court treated the motion as one for summary judgment and granted it by order dated April 2, 1982. The trial court based its order on the parties' stipulation to the insufficiency of the December 11, 1979 attempt at service of process. Further, the trial court found that the October 16, 1981 service upon Mull was made after the statute of limitation had elapsed. Thus, suit against Mull for damages for Mrs. Brumit's personal injuries was barred under Code Ann. § 3-1004. Mull was dismissed as a party to Mrs. Brumit's suit and from that part of Mr. Brumit's complaint which claimed medical expenses for Mrs. Brumit.

1. The Brumits enumerate as error the grant of summary judgment to Mull based upon the bar of the statute of limitation. Additional enumerations of error are not supported by argument or authority and are, therefore, deemed abandoned. Court of Appeals Rule 15 (c) (2) (Code Ann. § 24-3615 (c) (2)); *Mitchell v. State,* 157 Ga. App. 146 (1) (276 SE2d 658) (1981).

2. Since the injuries from which the Brumits' claims arose occurred on February 22, 1979, claims for personal injuries were barred by the statute of limitation two years from that date, on February 22, 1981, unless the statute was tolled by the commencement of their suits. See Code Ann. §. 3-1004 (now OCGA § 9-3-33). However, mere filing of the complaint is not enough. Proper service of process upon the defendant is necessary to constitute commencement of the suit. See *Hilton v. Maddox, Bishop, Hayton &c., Inc.,* 125 Ga. App. 423 (1) (188 SE2d 167) (1972). Although the Brumits' complaints were filed on December 10, 1979, the parties agree that the December 11, 1979 attempted service upon Mull was invalid. Therefore, suit against Mull did not commence on December 10, 1979. See *Holloway v. Frey,* 130 Ga. App. 224 (2) (202 SE2d 845) (1973).

Mull preserved the defense of insufficiency of service of process by complying with the applicable statutory requirements. Under Code Ann. § 81A-112 (b) (5) (now OCGA § 9-11-12(b) (5)), the defense of insufficiency of service of process must be asserted in the

appropriate responsive pleading or it may at the option of the pleader be made by motion in writing before or at the time of pleading. In the case sub judice, Mull raised insufficiency of service of process as the fifth defense in his timely filed answer in accordance with Code Ann. § 81A-112 (b) (5). Further, his "appearance in the action by the filing of an answer and raising the defense of insufficiency of service of process and answering interrogatories did not constitute a waiver of the defective service." *Glass v. Byrom,* 146 Ga. App. 1, 2 (245 SE2d 345) (1978). Additionally, we find no record evidence to show that this defense was waived pursuant to Code Ann. § 81A-112 (h) (1) (now OCGA § 9-11-12 (h) (1)).

We are aware that the proper procedure to be followed when this defense is made by answer is application for a preliminary hearing and determination under Code Ann. § 81A-112 (d) (now OCGA § 9-11-12 (d)). *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98, 100 (220 SE2d 86) (1975). Although no such application appears in the record prior to the beginning of the trial on October 13, 1981, under the unusual factual posture of the case sub judice this defense was not waived. The grant of the *Brumits'* motion for a mistrial returned the action to a pending status. *Oliveros v. State,* 118 Ga. 776 (2) (45 SE 596) (1903); *Wade v. Penn,* 88 Ga. App. 20 (1) (75 SE2d 845) (1953). Thereafter, Mull's written motion to dismiss was properly before the trial court as an application for a preliminary hearing. See *Hayes v. Superior Leasing Corp.,* supra. As a practical matter, the hearing on Mull's motion to dismiss held after the grant of mistrial was actually a preliminary hearing.

The Brumits contend that Mull's failure to re-assert the defense at issue prior to the pre-trial order precludes the trial court's later consideration of it. We disagree. The order in this case recites that Mull's defenses are set forth in his answer. While we acknowledge that the better practice in this situation would have been the resolution of the issue prior to the pre-trial order, we cannot say that the failure to do so constituted a waiver under the facts of this case. In fact, we note in dictum that the date of the pre-trial order was June 10, 1981, a time at which the applicable statute of limitation had already elapsed.

3. The Brumits contend that the October 16, 1981 service upon Mull should relate back to the filing date to toll the statute. " 'Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff.' " *Scoggins v. State Farm &c. Ins. Co.,* 156 Ga. App. 408, 410 (274 SE2d 775) (1980). See Code Ann. § 81A-104 (c) (now OCGA § 9-11-4 (c)). "[T]he correct test must be

whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.... A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." *Childs v. Catlin,* 134 Ga. App. 778, 781 (216 SE2d 360) (1975). "The plaintiff has the burden of showing lack of fault." *Smith v. Griggs,* 164 Ga. App. 15, 18 (296 SE2d 87) (1982).

In the case sub judice, the length of time between filing of the complaints and perfection of service of process was approximately one year and ten months. Perfection of service upon Mull occurred almost eight months after the statute of limitation had run on Mrs. Brumit's claim for damages for personal injuries. In determining whether the belated perfection should relate back to the date of filing, "the trial court hearing the motion to dismiss is vested with a discretion to determine the cause of the delay; if it is attributable to the plaintiff and the court dismisses the complaint this court will not intervene." *Bible v. Hughes,* 146 Ga. App. 769, 770 (247 SE2d 584) (1978).

Having determined in Division 2, supra, that Mull did not waive his defense of insufficiency of service of process, we cannot say that the delay in service was not attributable to the Brumits' apparent failure to investigate the facts on which Mull based this defense. "Considering the factual posture, we cannot say as a matter of law that the trial court abused its discretion in holding that plaintiffs did not exercise due diligence in attempting to perfect timely service on defendant in the personal injury portion of the claim." *Early v. Orr,* 135 Ga. App. 887, 888 (219 SE2d 622) (1975). We, therefore, affirm the judgment of the trial court granting summary judgment to Mull on the ground that the statute of limitation barred Mrs. Brumit's claim for personal injuries.

4. Mr. Brumit challenges the portion of the trial court order dismissing his claim for his wife's medical expenses incurred as a result of the collision. He contends that such claim is one for damage to personalty and is, thus, subject to the four-year statute of limitation. See *George v. Southern R. Co.,* 135 Ga. App. 531 (1) (218 SE2d 447) (1975); *Pinkerton Nat. Detective Agy. v. Stevens,* 108 Ga. App. 159 (1) (132 SE2d 119) (1963). Mull contends that this claim is governed by the two-year statute of limitation and relies for support upon *Leggett v. Benton Bros. Drayage &c. Co.,* 138 Ga. App. 761 (227 SE2d 397) (1976), and *Stoddard v. Woods,* 138 Ga. App. 770 (227 SE2d 403) (1976). While these cases stand for the proposition that the two-year statute of limitation applies to claims for medical

expenses resulting from injuries to the person of the plaintiff, the same does not apply to the situation in which the claim is made for such expenses resulting from injuries to the wife of the plaintiff. Mr. Brumit's claim in this regard was for damage to his own property right. See *MARTA v. Tuck,* 163 Ga. App. 132 (2) (292 SE2d 878) (1982); *Pinkerton Nat. Detective Agy., Inc. v. Stevens,* supra; *Krasner v. O'Dell,* 89 Ga. App. 718 (2) (80 SE2d 852) (1954).

Although service of process upon Mull was perfected after the two-year statute of limitation had elapsed, it was within the applicable four-year period. Therefore, the trial court erred in dismissing Mr. Brumit's claim for the medical expenses of his wife.

*Judgment affirmed in Case No. 64635; reversed in Case No. 64636. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1983.

*Miles L. Gammage,* for appellant.
*Raymon H. Cox, J. Clinton Sumner, Jr.,* for appellees.