71181. TODD v. HARNISCHFEGER CORPORATION et al.
(340 SE2d 22)

DEEN, Presiding Judge.

On November 9, 1977, Loran E. Todd suffered extensive bodily injuries when a crane boom on which he was working suddenly dropped several feet and forced him against a building. He brought suit against Harnischfeger Corp., the manufacturer of the crane; Chatham Machinery Co., the distributor; Georgia Power Co.; and E. R. Van Horne, alleging that the crane was defective and unsafe, not reasonably suited to the use intended, and negligently maintained and operated. Harnischfeger is a foreign corporation incorporated in Delaware. It was authorized by the Secretary of State to transact business in Georgia on November 12, 1975, and C. T. Corporation System with offices located at 2 Peachtree St., Atlanta, was listed on its application as the proposed registered agent for service of process.

When the complaint was filed on November 2, 1979, the plaintiff was granted an order for service beyond the state, and personal service was made in Wisconsin upon C. T. Corporation System by the Dane County, Wisconsin, sheriff's office. On November 15, 1979, Todd's motion for service by publication was granted. Harnischfeger answered, raising the defenses of insufficiency of process, improper service of process, and lack of personal jurisdiction. The parties engaged in discovery, and on April 9, 1984, Harnischfeger filed a motion to dismiss for insufficient service of process. Harnischfeger's Atlanta agent, C. T. Corporation System, was personally served on April 23, 1984. Todd appeals the grant of this motion. *Held*:

Harnischfeger has been authorized to transact business in Georgia continuously since November 12, 1975, and has continuously

maintained with the Secretary of State's office a registered agent for service of process. The registered agent and its office have not changed over the years. When the complaint was filed in 1979, Code Ann. § 22-1405 required each foreign corporation which sought a certificate of authority to transact business within this state to give the name and address of its proposed registered agent in Georgia. Code Ann. § 22-1408 required each foreign corporation which was authorized to transact business in this state to have and continuously maintain a registered office and a registered agent whose business office was identical with that of the registered office. Code Ann. § 22-1410 stated that each registered agent "shall be an agent upon whom any process, notice, or demand required or permitted to be upon the corporation may be served in the manner provided by law for the service of a summons and complaint." Code Ann. § 81A-104 defined the manner in which a summons and complaint were to be served. Subsection (d) (3) provided that in an action against a foreign corporation, service was to be made upon its "agent, cashier, or secretary or to the agent designated for service of process." As Harnischfeger did not have an agent, secretary, or cashier within the state, personal service was required to be made on its registered agent designated under the provisions of the Georgia Corporation Code.

Code Ann. § 81A-104 (f) provided that "[a]ll process may be served within the territorial limits of the state and, when a statute so provides, beyond the territorial limits of the state." Appellant has cited no statute which would permit extraterritorial service upon the registered agent in another state. We find, therefore, that personal service upon Harnischfeger's agent in Wisconsin was improper and did not confer personal jurisdiction upon the court in Georgia.

The next question is whether the service by publication was valid. Code Ann. § 22-403 (b), provided that whenever the registered agent could not be found with reasonable diligence at its registered office, a plaintiff would be authorized to serve the Secretary of State as agent for service of process. *O'Neal Constr. Co. v. Lexington Developers*, 240 Ga. 376 (240 SE2d 856); *Frazier v. HMZ Property Mgt.*, 161 Ga. App. 195 (291 SE2d 4) (1982). In the instant case, there was no showing made that reasonable diligence failed to reveal that the registered agent was at its registered office. See also Code Ann. § 81A-104 (e) (1). Moreover, there is no evidence that the complaint was served upon the Secretary of State as required by statute.

The final method of service attempted by the plaintiff was personal service upon C. T. Corporation System, which was not made for almost four and one-half years after the original complaint was filed. The statute of limitations ran within a week after the complaint was filed. Whether the service relates back so as to avoid the running of the statute depends upon the length of time between the filing of the

complaint and date of service, and the diligence used by the plaintiff in effecting service. The trial court is vested with discretion to determine the cause of the delay and whether it is attributable to the plaintiff. This court will not intervene if the delay is attributable to the plaintiff. *Bible v. Hughes*, 146 Ga. App. 769 (247 SE2d 584) (1978). As the plaintiff offered no explanation for his delay in properly serving the complaint, the trial court did not err in dismissing it.

We further find that Harnischfeger's answer met the requirements of former Code Ann. § 81A-112 (b), which required a defendant to assert jurisdictional defenses in a responsive pleading. In *Brumit v. Mull*, 165 Ga. App. 663, 665 (302 SE2d 408) (1983), this court held that under the ruling in *Glass v. Byrom*, 146 Ga. App. 1, 2 (245 SE2d 345) (1978), filing of an answer, raising the defense of insufficiency of service, and answering interrogatories, did not constitute a waiver of defective service. *Brumit* goes on to state that while the better practice would be to have this issue resolved at an earlier stage of the proceedings than the pre-trial order, the failure to do so did not constitute a waiver. We therefore find that the failure to move to dismiss the complaint at an earlier stage than after substantial discovery did not constitute a waiver of the insufficiency of service of process.

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

Beasley, Judge, concurring specially.

As I understand it, we are holding that when a foreign corporation maintains a registered agent for service of process in this state, the foreign corporation cannot be served by service on that registered agent in the corporation's home state (where the agent also has an office) pursuant to OCGA § 9-11-4 (e) (1) (C), which in part provides: "When service by publication is ordered, personal service of a copy of the summons, complaint, and order of publication outside the state in lieu of publication shall be equivalent to serving notice by publication and to mailing when proved to the satisfaction of the judge or otherwise." Here the plaintiff had obtained a clerk's order for publication at the same time suit was filed on November 2, 1979. Presumably this was on the basis that OCGA § 9-11-4 (e) (1) (A) allows service by publication "[w]hen the person on whom service is to be made resides outside the state, . . . ." and that the proviso in that section regarding the present address of the defendant being unknown does not apply. Also, he had in fact obtained service on that agent in defendant's home state (and actually the same city as defendant's plant) on November 7, just five days after suit was filed. The record demonstrates that the steps set out in OCGA § 9-11-4 (a) (A) and (C) were taken, except there is nothing to show that the registered agent appointed for service in Georgia was also appointed by defendant as its regis-

tered agent for service in Wisconsin. That impediment aside, and assuming that obtaining the order for publication *after* foreign service has been made meets the Code's requirements, our holding is that such method of service is not available for non-resident corporations who maintain a registered office in this state.

DECIDED DECEMBER 5, 1985 —
REHEARING DENIED DECEMBER 18, 1985 —

*Richard D. Phillips*, for appellant.
*Stevan A. Miller, Theodore E. G. Pound, Randall H. Davis*, for appellees.