## A89A1463. SEABOLT et al. v. EDGHILL.
### (386 SE2d 376)

BIRDSONG, Judge.

The Seabolts appeal the dismissal of their complaint with prejudice for failure to perfect proper service of process. Mrs. Seabolt was injured on July 4, 1985, when her car was in a collision with one driven by Edghill. On October 6, 1986, she and Mr. Seabolt filed suit against Edghill to recover the damages sustained as a result of the collision and for Mr. Seabolt's loss of consortium.

A deputy sheriff purported to serve process on Edghill by serving his mother at her address in Morrow, Georgia. Thereafter, Edghill filed a "Special Answer" raising as a defense "insufficiency of service of process" and specifically "not submitting himself to the jurisdiction of [the] Court. . . ." The parties engaged in discovery, and subsequently Edghill moved to dismiss the complaint or in the alternative for summary judgment because of insufficiency of service of process.

In support of his motion, Edghill submitted affidavits from his mother and himself stating that at the time process was left with his mother Edghill did not reside at the address in Morrow, but instead Edghill resided in Chamblee, Georgia, and had done so for some months. Thus, he asserted that service of process was insufficient and the complaint should be dismissed. We note that the record does not show any other service on Edghill.

The Seabolts' response to the motion did not dispute the assertions in Edghill's affidavits, but instead, contended that Edghill had waived any insufficiency of service by participating as a party to the proceedings through conducting discovery, and that Edghill had actually received process from his mother.

The trial court found that the procedure used to perfect process was insufficient and dismissed the complaint with prejudice on March 7, 1989. The Seabolts now appeal from that decision assigning as error the trial court's failure (1) to make findings of fact and conclusions of law; (2) to liberally construe the Civil Practice Act's provisions on services of process; (3) to consider the code provisions giving weight to substantial compliance, and (4) to take into consideration the four-year period of limitations applicable to Mr. Seabolt's claim for his wife's medical expenses. *Held*:

1. Enumeration of error 1 alleges that the trial court failed to make findings of fact and conclusions of law as required by "OCGA § 9-11-52 (9)" (sic). We note that there is no subparagraph "(9)" of OCGA § 9-11-52. Even granting that appellants intend to cite to subparagraph "(a)" of that code section, we find no requirement for the trial court to make findings of fact and conclusions of law in this case. OCGA § 9-11-52 (a). Further, the cases cited by appellants do not support this contention. Accordingly, this enumeration of error is without merit.

2. The Seabolts' arguments in enumerations of error 2 and 3 were decided adversely to them by this court's decisions in *Terrell v. Porter*, 189 Ga. App. 778, 779 (377 SE2d 540); *Garrett v. Godby*, 189 Ga. App. 183, 184-185 (375 SE2d 103); and *Adams v. Gluckman*, 183 Ga. App. 666, 667 (359 SE2d 710). Service must be perfected personally upon the defendant or otherwise in accordance with OCGA § 9-11-4 (d) (7). Service upon Edghill's mother at her residence, not his, is not service within the meaning of the code section. Further, a defendant does not waive the insufficiency of service of process by participating in discovery if the defense is raised in his answer as required by OCGA § 9-11-12 (b) (5). *Garrett v. Godby*, supra. The appellant's assertions to the contrary are without merit.

3. The Seabolts' fourth enumeration asserts that the trial court erred by dismissing with prejudice what they now allege was Mr. Seabolt's claim for his wife's medical expenses. They now also assert that the claim was subject to the four-year statute of limitation for damage to property rights. See *Brumit v. Mull*, 165 Ga. App. 663, 667 (302 SE2d 408).

Assuming that Mr. Seabolt had such a claim, any error caused by dismissing that claim with prejudice was created by the Seabolts' failure to plead specifically the claim as required by OCGA § 9-11-9 (g) so the trial court could determine the nature of the claim, and by the Seabolts' concession that the two-year statute of limitation applied. As the Seabolts induced any error here, they cannot now complain of it. *Locke v. Vonalt*, 189 Ga. App. 783, 787 (377 SE2d 696).

Further, as the record does not reflect that Edghill was ever properly served with process, the statute of limitation was not tolled

Thus, even the four-year statute of limitation has now expired, *George v. Southern R. Co.*, 135 Ga. App. 531, 533 (218 SE2d 447), and this issue is now moot.

Any claim based upon Mr. Seabolt's consortium claim was waived when no error was enumerated concerning the trial court dismissing that claim with prejudice. OCGA § 5-6-40; *Rider v. State*, 226 Ga. 14 (3) (172 SE2d 318). Claims for medical expenses do not include claims for loss of consortium. *Branton v. Draper Corp.*, 185 Ga. App. 820, 821 (366 SE2d 206).

Accordingly, the Seabolts' fourth enumeration of error is also without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Clark, Smith, Thomson & Schwartz, Hoke Smith III,* for appellants.

*Bovis, Kyle & Burch, James E. Singer, Christina A. Craddock,* for appellee.

