William H. RITTS, III, Plaintiff,

v.

**DEALERS ALLIANCE CREDIT CORP., Defendant.**

No. Civ.A. 1:96–CV–2639–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 14, 1997.

Bobby Adkins, Marietta, GA, for Plaintiff.

Albert A. Chapar, Jr., Atlanta, GA, for Defendant.

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the

## ORDER

FORRESTER, District Judge.

This matter is before the court on Plaintiff's motion to remand [3–1], Plaintiff's motion opposing entry of default [11–1], Defendant's motion to extend the time to file a motion for default judgment [13–1], Defendant's motion to dismiss [12–1], and Plaintiff's motion to extend or stay discovery [19–1, 19–2].

### I. Statement of the Case

On August 13, 1996 Plaintiff William Ritts filed the instant action in the Superior Court of Fulton County, State of Georgia. In the complaint, Plaintiff alleges that Defendant breached an employment agreement when it terminated him and he seeks damages. Defendant filed a Notice of Removal and removed the action to this court on October 9, 1996 on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Defendant filed its answer in this court on October 11, 1996. Included with the answer was a counterclaim for breach of fiduciary duties and breach of an employment agreement.

### II. Discussion

#### A. *Motion to Remand*

Plaintiff moves to remand this action to state court on the grounds that diversity jurisdiction does not exist in this court. Plaintiff contends that on the day this suit was filed, August 13, 1996, he was a Georgia citizen and Defendant had its principal place of business in Georgia. Defendant, in its notice of removal and its response to Plaintiff's motion, contends that Plaintiff is a citizen of Florida and that it is a Delaware corporation with its principal place of business in Pennsylvania.

 It is well settled that when a party seeks to remove a case based on diversity jurisdiction, there must be complete diversity of citizenship both at the time the complaint was filed and at the time of removal. *Roecker v. U.S.*, 379 F.2d 400, 407 (5th Cir.), *cert. denied,* 389 U.S. 1005, 88 S.Ct. 563, 19 L.Ed.2d 600 (1967).[1] At the time that

former Fifth Circuit rendered prior to October 1, 1981.

Plaintiff filed his complaint and when the action was removed, a federal court had diversity jurisdiction when the amount in controversy exceeded $50,000.00 and the action was between citizens of different states. 28 U.S.C. § 1332(a).[2] For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, the Eleventh Circuit examines the "total activity" of the corporation. *Vareka Investments, N.V. v. Am. Inv. Prop., Inc.*, 724 F.2d 907, 910 (11th Cir.), *cert. denied*, 469 U.S. 826, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984). This fact-sensitive inquiry involves the application of both the "nerve center" test, which asks where the locus of the managerial and policy-making center of the corporation is located, and the "place of activities" test, which focuses on the location of the production or sales activities of the corporation. *Id.; See Mercury Finance Corp. of Ala. v. Aetna Cas. and Sur. Co. of Illinois*, 900 F.Supp. 390 (M.D.Ala.1995). The removing party bears the burden of establishing that federal jurisdiction exists on a motion to remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996).

■ In an affidavit, Defendant maintains that it is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania (Affidavit of Richard J. Uhl, at ¶¶ 3, 5). Defendant claims that it had an office in Georgia but that it sold most of its assets on or about August 2, 1996 to Search Capital Group, Inc., and Search Funding IV, Inc. (*Id.* at ¶ 5). Defendant also claims that it ceased all its business operations in Georgia on August 3, 1996 and that, from that day forward, it has not retained any employees in Georgia. (*Id.* at ¶¶ 5–6). Plaintiff has of-

fered only his conclusory argument, in his brief, that Defendant maintained its principal place of business in Georgia on August 13, 1996 and that he is a citizen of Georgia. Plaintiff has not presented any affidavits or other admissible evidence that would show that Defendant did maintain an office or employees in Georgia after August 3, 1996.

As a result, the court concludes that Defendant has met its burden of showing the existence of federal jurisdiction in this court at the time that Plaintiff filed his complaint. Accordingly, Plaintiff's motion to remand is DENIED.

#### B. *Motion to Dismiss*

Defendant moves to dismiss this action pursuant to Fed.R.Civ.P. 12 and Fed. R.Civ.P. 4(m) because Plaintiff has not properly served it within 120 days of filing the complaint.[3]

■ Although this action is now in federal court, in analyzing Defendant's motion to dismiss for insufficiency of service of process, the court must examine whether Plaintiff complied with Georgia law governing process. *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir.1985). Under Georgia law, a plaintiff may perfect process on a domestic corporation or a foreign corporation authorized to do business in Georgia in several ways. First, the plaintiff can deliver a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof...." O.C.G.A. § 9–11–4(d). Second, if for any reason that will not work, the plaintiff can deliver a copy of the summons and complaint to the Secretary of State along with a certification that the plaintiff has forwarded by registered mail the summons and complaint to the last known address of the

---

**2.** Due to a recent congressional amendment, the amount in controversy has been raised to $75,-000 for cases filed after January 17, 1997. Pub.L. No. 104–317, § 205, 110 Stat. 3847, 3850 (1996).

**3.** Rule 4(m) provides, in pertinent part:
[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court,

upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....
Fed.R.Civ.P. 4(m).

corporation's office or agent. O.C.G.A. § 9–11–4(d). Finally, as foreign corporations are required to maintain a registered agent for service of process in Georgia under the Georgia Business Corporation Code, the plaintiff can serve the corporation's registered agent. O.C.G.A. § 14–2–504(a); *O'Neal Constr. Co., Inc. v. Lexington Developers, Inc.*, 240 Ga. 376, 378, 240 S.E.2d 856 (1977).

Plaintiff claims that on September 11, 1996 a representative of the Fulton County Sheriff's Department personally served a copy of the summons and complaint on Defendant at its office on Powers Ferry Road. Plaintiff includes a copy of the Sheriff's Entry of Service. (Plaintiff's Response to Defendant's Motion to Dismiss, Exhibit A). Plaintiff also claims that he served Defendant's registered agent, Prentice–Hall Corporation System, Inc., by mail, with a copy of the summons and complaint. Defendant contends that, after August 3, 1996 it ceased all business operations in Georgia and no longer had any employees at its former office location of 6400 Powers Ferry Road, Suite 400, Atlanta, Georgia 30339. Although Plaintiff claims it served an agent of Defendant at that address on August 13, 1996, Defendant claims that there was no one at that address authorized to accept service.

In the instant case, the sheriff's return of service is *prima facie* evidence of service. *Webb v. Tatum*, 202 Ga.App. 89, 91, 413 S.E.2d 263 (1991). However, it is not conclusive and may be rebutted by proof that its facts are not true. *Id.* The party challenging the sufficiency of the service bears the burden of showing it was improper. *Yelle v. U.S. Suburban Press, Inc.*, 216 Ga. App. 46, 47, 453 S.E.2d 108 (1995). Defendant submitted an affidavit demonstrating that it had no agents authorized to accept service at the Powers Ferry office on September 11, 1996. (Uhl Aff. at ¶¶ 5–6). In response to this affidavit, Plaintiff has offered no affidavits or other admissible evidence indicating that the person served on September 11, 1996 was actually an agent for Defendant. In response to a denial of an agency relationship, conclusory allegations that an agent relationship exists are not sufficient. *See Standard Guar. Ins. Co. v. Lan-*

*ders*, 206 Ga.App. 803, 804–05, 426 S.E.2d 574 (1992). The court therefore must conclude that service was not proper because the summons and complaint were not delivered to one of Defendant's agents. *See Yelle*, 216 Ga.App. at 47, 453 S.E.2d 108. Furthermore, assuming Plaintiff's unsworn statement that Prentice–Hall was Defendant's registered agent is true, the mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service. The service upon a registered agent has to be personal. *See Todd v. Harnischfeger Corp.*, 177 Ga. App. 356, 357, 340 S.E.2d 22 (1985). In addition, Plaintiff has not provided any evidence that Prentice–Hall acknowledged the mailed service of process or that he later had a sheriff's representative serve them as he stated he would in his cover letter. (Plaintiff's Response to Defendant's Motion to Dismiss, Exhibit B).

Pursuant to Fed.R.Civ.P. 4(m), the court may dismiss an action without prejudice if the plaintiff fails to perfect service of process within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(m). However, when an action is removed from state court, there is some authority that the 120 day period does not begin to run until the date that the action is removed to federal court. *See Alber v. Illinois Dep. of Mental Health*, 786 F.Supp. 1340, 1376 (N.D.Ill.1992); *Motsinger v. Flynt*, 119 F.R.D. 373, 377 (M.D.N.C.1988). These courts reason that there is no reason that federal procedural rules should apply retroactively back to the day of filing, and that such an interpretation could result in substantial prejudice to plaintiffs. *Alber*, 786 F.Supp. at 1376. If service is not made within the requisite time, the court is required to extend the time for a plaintiff to serve properly the defendant if the plaintiff shows good cause. Fed.R.Civ.P. 4(m); *Madison v. BP Oil Co.*, 928 F.Supp. 1132, 1137 (S.D.Ala.1996). However, even if the plaintiff does not show good cause, the court may still enlarge the time for service instead of dismissing the complaint. *See Henderson v. United States*, 517 U.S. 654, 116 S.Ct. 1638, 1641 n. 5, 134 L.Ed.2d 880 (1996); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d

338, 340 (7th Cir.1996); *Madison*, 928 F.Supp. at 1136–37.

In the instant case, at the time Defendant filed its motion to dismiss on Rule 4(m) grounds, 120 days had not passed since the date of removal. As a result, the court does not believe that Rule 4(m) has been violated. *See Alber*, 786 F.Supp. at 1376. Furthermore, even if the court determined that the 120 days should begin to run from the date the complaint was filed such that Rule 4(m) was implicated, the court believes that an extension of time in which to perfect service would be warranted. Although Plaintiff has not shown good cause for his failure to serve properly the Defendants, the court finds that other considerations support such an extension. *See Panaras*, 94 F.3d at 341 (in absence of good cause, court should consider whether a permissive extension is warranted under the facts of the case).[4] Defendant has filed a counterclaim in this court that would remain pending should the court dismiss Plaintiff's complaint without prejudice. This counterclaim involves the same general transaction and occurrence as the allegations in Plaintiff's complaint. As a result, Plaintiff could simply refile his present complaint as a compulsory counterclaim in this pending action after this court dismisses it.

The court will therefore provide Plaintiff with an additional thirty days from the issuance of this Order to perfect service. The court notes that Plaintiff should comply with the Federal Rules of Civil Procedure in properly serving process on Defendant. *See*

*Schmidt v. Wilbur*, 775 F.Supp. 216, 227 (E.D.Mich.1991).[5]

Accordingly, Defendant's motion to dismiss for insufficiency of service at this time is DENIED.

## C. *Motion Opposing Entry of Default*

On December 2, 1996 Defendant filed a request that the Clerk of Court enter a default upon its counterclaim against Plaintiff because Plaintiff had not responded. Plaintiff subsequently filed an answer to the counterclaim and a motion opposing the entry of default on December 6, 1996. Plaintiff argues that because his motion to remand challenges this court's subject matter jurisdiction, his time to respond was tolled under Federal Rule of Civil Procedure 12(a)(4) while that motion was pending in this court. As a result, he contends that he was never in default.

The Clerk of Court is authorized to enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R.Civ.P. 55(a). Although the Clerk has not yet entered a default, the court believes that Plaintiff's motion, which challenges the appropriateness of such an entry, is similar in spirit to a motion to set aside an entry of default already entered. *See Meehan v. Snow*, 652 F.2d 274, 276–77 (2d Cir.1981); *Interactive Gift Express, Inc. v. Compuseve, Inc.*, 1996 WL 420193 (S.D.N.Y. July 25, 1996). As a result, in considering the motion, the court will look to the policies underlying consideration of Rule 55(c) motions to set aside defaults. Federal Rule of Civil

---

**4.** Although Plaintiff continues to assert that Defendant is a Georgia corporation and he properly served it at its Powers Ferry Office, he has provided the court with no admissible evidence to support that assertion. Furthermore, Plaintiff was placed on notice by Defendant in its answer and its Mandatory Interrogatories, filed on October 26, 1996, that service of process may have been insufficient. Plaintiff, however, has apparently taken no action to correct the allegedly deficient service and has not moved this court for an extension of time in which to serve Defendant properly. Instead, Plaintiff merely argues that his service was proper and that this court should remand the action because it lacks subject matter jurisdiction. In such a situation, no good cause exists to allow for an additional period of time to

serve Defendant properly. *See Adams v. Allied-Signal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir.1996) (citing *Traina v. United States*, 911 F.2d 1155, 1157·(5th Cir.1990)).

**5.** 28 U.S.C. § 1448 provides:

In all cases removed from any state court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Procedure 55(c) provides that a court may set aside an entry of default "for good cause shown." As the Eleventh Circuit has recognized, "good cause" is a mutable standard. *See Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir.1996). Generally, the factors for a court to consider in determining whether the defaulting party has shown "good cause" include: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense. *Id.* Underlying consideration of the appropriateness of setting aside a default is the fact that defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes. *See Meehan,* 652 F.2d at 276 (citations omitted).

■ Rule 12(a)(4) provides that the filing of a motion permitted under Rule 12(b) alters the normal response time to a complaint. As a result, once a party files such a motion, the party does not have to respond to the complaint until ten days after the court either denies the motion or defers its consideration until trial. Fed.R.Civ.P. 12(a)(4) Among the defenses that can be presented by Rule 12(b) motion are lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, and failure to join an indispensable party. Neither Plaintiff nor Defendant has cited the court any authority as to whether a motion to remand for lack of subject matter jurisdiction tolls the time to respond to a counterclaim. Defendant attempts to distinguish Rule 12(b) defense motions from a motion to remand on the grounds that if a Rule 12(b) motion is granted, it will lead to dismissal of the action and the party who filed it will never have to file a response. In such an instance, therefore, Defendant argues that it makes sense not to make the party file an answer until the Rule 12 motion is resolved. In contrast, Defendant contends that if a motion to remand is granted, the party will ultimately have to file an answer in the state court to which the action is remanded. Consequently, Defendant argues that a motion to remand should not toll the response time on a counterclaim. Plaintiff, in response, argues that pursuant to O.C.G.A. § 9–11–12(a), if the action is remanded to state court, he will not have to file an answer unless he is ordered to do so by the court.[6] Instead, the counterclaim will be deemed denied. As a result, he argues that the motion to remand on the grounds of lack of subject matter jurisdiction should be treated as a Rule 12 motion for purposes of tolling his response time.

After exhaustive research, this court has not been able to find any authority that a motion to remand falls either inside or outside the provisions of Rule 12(a)(4). However, Plaintiff's motion to remand does charge that this court lacks subject matter jurisdiction. A granting of his motion to remand would therefore require this court to remand the action and dispense with his need to respond to the counterclaim. As a result, to the court, Plaintiff's motion appears to fall within the spirit and purpose of Rule 12(a)(4). Furthermore, there is no evidence of willful conduct on Plaintiff's behalf in failing to answer. Moreover, there is no evidence of any particular prejudice Defendant would suffer if the default were not entered. Finally, examination of Plaintiff's complaint and Defendant's counterclaim reveal contrary allegations about the same general transaction or occurrence, and it appears that Plaintiff has pled a meritorious defense. Therefore, the court would find good cause to set aside any default that might be entered.

Accordingly, in light of the strong policy against defaults and the above conclusions, the court declines to direct the Clerk to enter one in this case. Plaintiff's motion opposing entry of default is GRANTED.

### D. *Motion for Stay or Extension of Discovery*

Plaintiff moves for an extension of discovery for an additional 90 to 180 days after this court rules on the motion to remand. Defen-

---

**6.** O.C.G.A. § 9–11–12(a) provides, in pertinent part, that "[a] cross-claim or counterclaim shall not require an answer, unless one is required by order of the court, and shall automatically stand denied."

dant opposes this extension on the grounds that no further discovery is necessary. In the alternative, Defendant requests that only a 60–day extension be granted.

As this motion was made prior to the close of discovery and is Plaintiff's first request for an extension, the court GRANTS the motion and will extend discovery for an additional sixty (60) days from the issuance of this Order.

### III. Conclusion

Plaintiff's motion to remand [3–1] is DE-NIED. Defendant's motion to dismiss [12–1] and motion to extend time to file a default judgment motion [13–1] are DENIED. Plaintiff's motion opposing entry of default [11–1] is GRANTED. Plaintiff's motion for an extension of discovery [19–1] is GRANT-ED.

Plaintiff is DIRECTED to serve properly the Defendants within thirty (30) days of the issuance of this Order. Furthermore, discovery is EXTENDED for sixty (60) days from the issuance of this Order.