Freddie **PROFIT,** Plaintiff,

v.

**AMERICOLD LOGISTICS, LLC,** Defendant.

Civil Action No. 1:07–CV–254–TWT.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 7, 2008.

Freddie Profit, Norcross, GA, pro se.

Brandon Michael Cordell, Jackson Lewis LLP, Atlanta, GA, for Defendant.

## ORDER

THOMAS W. THRASH, JR., District Judge.

This is a pro se employment discrimination action. It is before the Court on the Report and Recommendation [Doc. 6] of the Magistrate Judge recommending that the action be dismissed for failure to effectuate service. The Court approves and adopts the Report and Recommendation as the judgment of the Court. This action is DISMISSED.

SO ORDERED.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

LINDA T. WALKER, United States Magistrate Judge.

Plaintiff Freddie Profit, appearing *pro se*, initiated this employment discrimination action on January 30, 2007, alleging race-based violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), and discrimination based on physical disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"). Docket Entry [1]. On July 24, 2007, Defendant moved to dismiss the Complaint for untimely and insufficient service of process. Docket Entry [2]. While Plaintiff did not file a formal response to Defendant's motion, on August 1, 2007, Plaintiff did file a completed Return of Service form indicating that he served Defendant by mail at an Atlanta, Georgia address. (Return of Service form dated July 21, 2007). Docket Entry [3]. Defendant filed a reply on August 16, 2007. Docket Entry [4].

On November 7, 2007, this Court ordered Plaintiff to show cause why his case should not be dismissed with prejudice for want of prosecution and failure to comply with the Federal Rules of Civil Procedure. Docket Entry [5] at 2 (cautioning Plaintiff that this Court's initial review of the record evidence suggested that he has failed (1) to effect service within the time period imposed by the Federal Rules and (2) to present good cause to warrant a permissive extension of time in which to complete service). To date,

Plaintiff has not responded to this Court's order. *See generally* Docket.

Having considered the briefing and all supporting documents submitted, and for the reasons set forth more fully below, this Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED,** and that the instant action be dismissed with prejudice due to the expiration of the relevant statute of limitations. Docket Entry [2].

### DEFENDANT'S MOTION TO DISMISS

█ Defendant argues that Plaintiff's Complaint must be dismissed for failure to effect service in a timely manner pursuant to Federal Rule of Civil Procedure 4. (Defendant's Motion to Dismiss ("Def.'s Mot.") at 2–3, Docket Entry [2] ). In support, Defendant underscores that Plaintiff has failed to serve Defendant with the Complaint, to seek an extension of time to effect service, or to prosecute his claims in any way. (Def.'s Mot. at 1–2). Defendant therefore contends that Plaintiff has failed to show any basis, much less good cause, for his insufficient service of process. (Def.'s Mot. at 3). As noted above, Plaintiff appears to oppose Defendant's motion by claiming that he mailed the Complaint and Summons to Defendant at its Atlanta, Georgia corporate headquarters. (Return of Service dated July 21, 2007, Docket Entry [3] ). Defendant replies that such action by Plaintiff does not qualify as effective service under either the Federal Rules or Georgia law, and accordingly, the Complaint must be dismissed. (Defendant's Reply Brief in support of Motion to Dismiss ("Def.'s Reply") at 1–2, Docket Entry [4] ).

Under the Federal Rules, the plaintiff is tasked with serving the defendant with both a summons and the complaint within the time allowed under Rule 4(m). FED.R.CIV.P. 4(c)(1). Rule 4(m) requires the plaintiff to effect service upon the defendant within one hundred twenty (120) days of the filing of the complaint. FED.R.CIV.P. 4(m); *see Lepone–Dempsey v. Carroll County Comm'rs,* 476 F.3d 1277, 1281 (11th Cir.2007). Thus, Plaintiff was responsible for properly serving Defendant within one hundred twenty days of January 30, 2007, the date on which the instant case was filed. *See* Docket Entry [1].

As noted above, Plaintiff appears to claim that his purported service of the Summons and Complaint by mail, as evidenced by his executed Return of Service form dated July 21, 2007, constituted sufficient service. Docket Entry [3]. Plaintiff's reference to this purported service by mail is unavailing. Where, as here, the defendant is a corporation, Federal Rule of Civil Procedure 4(h) dictates the confines of proper service of process. In particular, Rule 4(h) explains that such service shall be effected

in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . .

FED.R.CIV.P. 4(h). Rule 4(e)(1) provides, in pertinent part, that service can be effected "pursuant to the law of the state in which the district court is located." FED.R.CIV.P. 4(e)(1). Under the federal method of effecting service, service by mail upon a corporation may be accomplished only where the defendant, after receiving the plaintiff's request for waiver of service, executes an acknowledgment of service indicating its waiver of personal service of process. FED.R.CIV.P. 4(d). Similarly, Georgia law requires personal service unless the defendant executes a similar waiver of personal service. *See* GA. CODE ANN. § 9–11–4; *see also Ritts v. Dealers Alliance Credit Corp.,* 989 F.Supp. 1475, 1478 (N.D.Ga.1997) (underlining that "the mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service"); *Madden v. Cleland,* 105 F.R.D. 520, 523 (N.D.Ga.1985) ("Georgia law has no provision for service by mail"); *KMM Indus., Inc. v. Prof'l Ass'n, Inc.,* 164 Ga.App. 475, 297 S.E.2d 512, 513 (1982) (noting that "[t]here is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail") (emphasis in original). Plaintiff has provided no evidence to suggest that he forwarded to Defendant a request for waiver of service as described in Federal Rule 4(d) or

under Georgia law, let alone that Defendant has agreed to waive service of process. Moreover, the record reveals no evidence that Plaintiff otherwise effected service on Defendant. As a result, Plaintiff's purported mailing of the Summons and Complaint to Defendant did not satisfy the requirements of Rule 4.

Where the plaintiff fails to serve the defendant properly within the one hundred twenty-day period allotted under the Rules,

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone–Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991) (*per curiam*) (discussing good cause under former Rule 4(j)), *superceded in part by rule as stated in Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 n. 2 (11th Cir.2005)). The serving party bears the burden of proof with regard to its validity or good cause for failure to effect timely service. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990).

In this case, Plaintiff has made no effort to make a showing of good cause for his delay. Plaintiff cites no external factor or other circumstance such as reliance on faulty advice to justify his delay in service. *See Lepone–Dempsey*, 476 F.3d at 1281. In fact, Plaintiff fails to present any grounds, either legal or factual, to excuse his failure to effect service in accordance with the Federal Rules, despite having had the opportunity to do so in response to both Defendant's motion and this Court's Show Cause Order. Moreover, other than his purported service by mail, which occurred after, not before, the expiration of the one hundred twenty-day service period, Plaintiff fails to present evidence of any conduct evincing his diligence in trying to effect service. Even construing Plaintiff's filings liberally, this Court perceives nothing in the record to suggest such diligence. *See Erickson v. Pardus*, —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (courts are required to construe *pro se* filings liberally); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (explaining that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and Rwill, therefore, be liberally construed"). This Court further notes that had Plaintiff experienced some sort of difficulty in effecting service, review of the record reveals that Plaintiff never requested additional time to complete service in light of such difficulty, if any. As a result, this Court finds that Plaintiff has failed to present any reason, let alone good cause, sufficient to excuse his failure to serve Defendant in a timely manner.

Nonetheless, courts retain discretion to extend the time for service of process even in the absence of good cause. *Horenkamp*, 402 F.3d at 1132; *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996); *Ritts*, 989 F.Supp. at 1478 (extending time to effect service in absence of good cause where the defendant had filed a counterclaim against the plaintiff, because if the court dismissed the plaintiff's complaint the plaintiff could re-file the complaint as a compulsory counterclaim in the pending action); *see also Henderson v. United States*, 517 U.S. 654, 663, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (recognizing that in the 1993 amendments to the rules, courts were given discretion to extend the one hundred twenty-day period even absent a showing of good cause). Indeed, in *Lepone–Dempsey*, the Eleventh Circuit determined that where "a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the [ ] court *must* still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone–Dempsey*, 476 F.3d at 1282 (emphasis added). Circumstances justifying a court's exercise of discretion to extend the time for service include where "the applicable statute of limitations would bar the refiled action, or [where] the defendant is evading service or conceals a

defect in attempted service." *Horenkamp,* 402 F.3d at 1132–33 (citing FED.R.CIV.P. 4(m), Advisory Committee Note, 1993 Amendments). As the *Lepone–Dempsey* court instructed, "[o]nly after considering whether any such factors exist may the [ ] court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone–Dempsey,* 476 F.3d at 1282. "Nevertheless, the decision to extend time for service is within the [c]ourt's sound discretion." *Bailey v. Employment Standards Admin.,* No. CV 107–010, 2007 WL 2710455, at *1 (S.D.Ga. Sept.12, 2007).

 Having thoroughly considered the record evidence, this Court finds that a permissive extension of time to effect service of process is not warranted under the facts of this case. First, the record does not suggest that Defendant either evaded service or concealed a defect in attempted service, and Plaintiff makes no such allegation. *See Horenkamp,* 402 F.3d at 1132–33. Second, while this Court is cognizant of the fact that due to the expiration of the limitations period, a Rule 4(m) dismissal at this stage of the proceedings would effectively bar Plaintiff's claims, "the running of the statute of limitations does not require that a district court extend the time for service of process." [1] *Horenkamp,* 402 F.3d at 1133 (citing *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 341 (7th Cir.1996) ("absent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run"); *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d

1298, 1306 (3d Cir.1995) (same)). Here, Plaintiff has taken no pains to effect service within the confines of the Federal Rules, has proffered no reason for his delay, has filed no request for an extension of time to effect service properly, has done nothing to pursue his claims for nearly four months, and has failed to respond to this Court's Show Cause Order, which expressly cautioned that his claims appeared ripe for dismissal given his inaction. Absent any equitable argument by Plaintiff, and upon the uncontroverted procedural history, this Court concludes that the applicable statute of limitations has run, and as such, any re-filing at this stage would be futile. Under these circumstances, this Court finds that dismissal with prejudice is appropriate. *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 417 (5th Cir.2006) (treating dismissal without prejudice as a dismissal with prejudice as to those claims that would be barred by the statute of limitations); *Chico v. Miller,* No. 05 C 3101, 2005 WL 2664586, at *6 (N.D.Ill. Oct.19, 2005) (acknowledging that the typical remedy for failure to comply with Rule 4 is dismissal without prejudice, but dismissing the complaint with prejudice because the statute of limitations had lapsed and any refiling would be futile); *Toner v. Suffolk County Water Auth.,* 220 F.R.D. 20, 21–22 (E.D.N.Y.2004) (granting motion to dismiss complaint for failure to effect service in a timely manner and noting the dismissal was with prejudice due to the expiration of the applicable statute of limitations); *but see Coates v. Shalala,* 914 F.Supp. 110, 112 (D.Md.1996) (extending time for service, where *pro se* plaintiff did not argue

---

1. As noted above, Plaintiff raises discrimination claims based on race and physical disability, thus seemingly asserting both Title VII and ADA claims. (Compl. ¶¶ 1, 6, 8). Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), *see* (Compl. ¶ 10), and received a right to sue letter from the EEOC "on or after" November 6, 2006. (Compl. ¶ 11); *see also id.* at 7 (attaching Dismissal and Notice of Rights dated November 3, 2006). On these facts, Plaintiff was obligated to file suit on or before February 4, 2007 (within ninety (90) days after receiving his right to sue letter on November 6, 2006). *See* 42 U.S.C. § 2000e–5(f)(1) ("within ninety days after the giving of [notice of right to sue] a civil action may be brought against the respondent named in the charge"); *Green v. Union Foundry Co.,* 281

F.3d 1229, 1233–34 (11th Cir.2002) (citing *Santini v. Cleveland Clinic Fla.,* 232 F.3d 823, 825 (11th Cir.2000)); *Kerr v. McDonald's Corp.,* 333 F.Supp.2d 1352, 1358 (N.D.Ga.2004) ("filing an action within 90 days of receipt of a notice of right to sue from the EEOC is a condition precedent to bringing an action under [Title VII]"); *see also* 42 U.S.C. § 12117(a); *Zillyette v. Capital One Fin. Corp.,* 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII"). Having initiated suit on January 30, 2007, Plaintiff filed within the applicable ninety-day period. This period, however, has long since lapsed, and as such, Plaintiff's claims would be foreclosed by the statute of limitations upon re-filing.

good cause for his failure to effect service within the prescribed time limit and dismissal of action without prejudice would effectively bar claim).

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED.** Docket Entry [2]. Due to the expiration of the applicable statute of limitations, this Court further **RECOMMENDS** that this dismissal be with prejudice.

### *ORDER FOR SERVICE OF REPORT AND RECOMMENDATION*

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1 C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation *within ten (10) days of the receipt of this Order.* Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay,* 714 F.2d 1093 (11th Cir.1983), *cert. denied* 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED.**

Dated Nov. 29, 2007.

